[No. 3709.  Decided October 17, 1901.]

CHARLES E. WILSON, *Appellant*, v. SEATTLE DRY DOCK & SHIP BUILDING COMPANY *et al., Respondents.*

APPEAL — ORDERS MADE AFTER JUDGMENT — WHEN REVIEWABLE.

Upon an appeal from an order denying a petition to set aside and vacate a judgment, the denial by the court in the same cause of an earlier petition, which asked for the same relief as the subsequent one, is not reviewable, under Bal. Code, § 6500, subd. 7, which provides that an appeal from any final order made after judgment shall bring up for review any previous order in the same action which involves the merits and necessarily affects the order appealed from, since the statute contemplates only such previous orders as are made in the particular proceeding in which the appeal is taken.

SAME — APPLICATION TO VACATE JUDGMENT — DISCRETION OF COURT.

Where, after the denial of a petition to vacate a judgment, the petitioner files another petition seeking to set aside and vacate the former order denying his application, the refusal of the court to grant the second application is not erroneous, when it appears that the prior application had been denied upon a proper hearing, that the second application was based upon the same facts, asking the same ultimate relief, that no new state of facts had arisen since the former hearing, and that petitioner was not prevented by surprise, excusable neglect, or any cause from having a fair, full and impartial hearing upon the former trial.

JUDGMENTS — VACATION — RES JUDICATA.

The denial of an application to set aside a judgment is a final order, from which an appeal may be prosecuted, and as such is a final determination of the matter and *res judicata* against any subsequent proceeding seeking the same relief.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*J. D. Jones* and *I. D. McCutcheon,* for appellant.

*Preston, Carr & Gilman* and *Allen & Allen,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—In April, 1898, the appellant commenced an action in the superior court of King county to recover for personal injuries alleged to have been suffered by him because of the negligence of the respondent. Issue was joined upon the complaint, and the cause regularly assigned for trial on the 17th day of October, 1899. The appellant did not appear at the time fixed for the trial, and the action was dismissed for want of prosecution. On the 18th day of January, 1900, the appellant filed a petition in the superior court, praying that the judgment of dismissal be set aside and vacated, and that he be granted a trial upon the merits of the action. This petition was heard on February 2, 1900, on oral evidence submitted by the appellant, at the conclusion of which the court entered an order denying the petition. No appeal was taken from this order. Thereafter, on May 2, 1900, the appellant, without leave of court, filed a second petition, setting up substantially the same ground as the first, and praying for the same relief. This petition was heard on the 14th day of June, 1900, and denied by the court,—the order therefor, after reciting the appearances of the parties, being as follows:

"And it appearing to the satisfaction of the court that before the filing of this petition another petition setting forth the same facts was served herein, and that on the 2d day of February, 1900, a hearing was had upon said peti-

tion, and witnesses were sworn and a trial had, and upon due consideration at said trial the court denied said petition, being fully advised in the premises, and that without obtaining leave to do so the said plaintiff files this petition upon the same facts, asking substantially the same ultimate relief; and upon this hearing it appearing to the satisfaction of the court that no new state of facts has arisen since the former hearing, and that the said plaintiff was not prevented by reason of surprise, excusable neglect or any cause whatsoever from having a fair, full and impartial hearing upon the said former trial, and that no cause is now shown or offered why this court at this time should again hear proof of the same facts tried on the former trial, and the court being satisfied with his ruling upon the said former hearing, now, therefore, it is hereby ordered, adjudged and decreed that the said petition be and the same is hereby denied."

This appeal is from this last mentioned order.

The appellant seems to contend that his appeal brings up for review the order denying his first application, presumably by virtue of the statute which provides that an appeal from any final order made after judgment shall bring up for review any previous order in the same action or proceeding which involves the merits and necessarily affects the order appealed from. Bal. Code, § 6500. In this he is mistaken. The appeal brings up for review only those previous orders which involve the merits made in the particular proceeding in which the final order appealed from is entered. Any other rule would render nugatory the statute limiting the time in which appeals must be taken. If a party against whom a final order is entered denying his application to vacate and set aside a judgment may have that order reviewed in the appellate court by the simple process of making a second application and appealing from the order denying it, there is no finality to such orders, and no time at which a party in whose favor such

an order is made may rest assured that it is not open to review. Such is not the language of the statute, nor do we think that such is its meaning. See *Sturgiss v. Dart*, 23 Wash. 244 (62 Pac. 858).

Treating the petition in this case as an independent application to vacate and set aside the judgment of dismissal, the order appealed from is clearly right. The order denying the first application was a final order, within the meaning of the statute, from which an appeal could have been prosecuted. As such it was a final determination of the matter, and *res judicata* as against any subsequent independent procedure seeking the same relief. *Burnham v. Spokane Mercantile Co.*, 18 Wash. 207 (51 Pac. 363); *Chezum v. Claypool*, 22 Wash. 498 (61 Pac. 157, 79 Am. St. Rep. 955); *McCord v. McCord*, 24 Wash. 529 (64 Pac. 748). True, orders of this kind, like other final judgments and orders, may, in the furtherance of justice and for good cause shown, be set aside and a new hearing granted by the court in which they are entered, if application therefor be seasonably made; but such applications are directed to the discretion of the trial court, and its ruling thereon, whether granting or refusing the application, will not be disturbed by the appellate court unless the record shows an abuse of such discretion. If, therefore, we treat the present petition as an application to set aside the former order, and for leave to renew the former application, we find nothing upon which to reverse the order appealed from. The court found that the second petition recited substantially the same facts recited in the first, that it sought the same ultimate relief, that it was not shown that any new state of facts had arisen since the first application, and that it did not appear that the petitioner was prevented by any cause whatsoever from fully presenting his case at the first hearing. As these findings are sustained by

the record, there could be no abuse of discretion in denying an application for a reexamination of the matter.

The order is affirmed.

REAVIS, C. J., and DUNBAR and ANDERS, JJ., concur.