[No. 8001. Department One. September 27, 1909.]

ESTA MEISENHEIMER, *Respondent*, v. ALLEN MEISENHEIMER, *Appellant*.[1]

JUDGMENT — DECISION AS TO JURISDICTION — COLLATERAL ATTACK. Where a party appears specially to object to a proceeding for want of due service, and the court, having jurisdiction of the subject-matter, decided that due service was made and that it has jurisdiction to proceed to judgment on the merits, such judgment cannot be collaterally attacked for want of service.

COURTS — MOTIONS — JURISDICTION — JUDGMENT — VACATION —RES JUDICATA. Under Bal. Code, § 4766, giving an attorney authority to bind his client by agreement, and Id., § 4668, authorizing a superior judge of one county to hold a session of the court at the request of the judge of another county, at the seat of judicial business, and Laws 1901, p. 76, § 2, authorizing any judge who has heard a motion or case in any county outside his district to decide or determine the same in any county in the state, the parties to an action in D. county may stipulate that a motion to vacate the judgment may be heard at the county seat of S. county, before the superior judge of W. county, and upon entry of an order accordingly and transfer of the papers, such trial judge has jurisdiction to hear and decide the motion, the parties having appeared by counsel and argued the same; and his order is *res judicata*.

JUDGMENT — APPEARANCE — CONSENT — JURISDICTION—HEARING AT CHAMBERS. After appearance before a judge and presentation of a motion, it cannot be objected that the judge heard the motion "in chambers" instead of in open court in the court house, Const. art. 4, § 6, providing that the courts shall always be open.

[1]Reported in 104 Pac. 159.

JUDGMENT—VACATION—CONCLUSIVENESS—MOTION AS BAR TO ·AC-
TION.  Where a motion to vacate a judgment is made within one
year, under Bal. Code, §§ 5153, 5156, and the motion is denied and
no appeal taken, the order is *res judicata* and a bar to an independ-
ent action to vacate the judgment on the same grounds.

JUDGMENT—VACATION—FRAUD OF ATTORNEY—ERROR OF LAW.  A
judgment will not be vacated because of collusion of the party's at-
torney in stipulating to dismiss an appeal, where it appears that he
only made an error of law, "intending to bring another action,"
which however was barred by the former judgment.

JUDGMENT—ESTOPPEL BY RECORD—PARTIES—CRIMINAL AND CIVIL
CASES.  A husband who had obtained a divorce is not estopped from
asserting the validity of the decree, when attacked by the wife, by
the fact that he successfully defended a prosecution for perjury in
obtaining the divorce by insisting that the evidence showed the
judgment of divorce to be void for want of due service of process;
since the parties were not the same in the two proceedings.

DIVORCE—ACTION TO VACATE—CONCEALMENT OF PROPERTY.  A de-
cree of divorce will not be vacated, after the remarriage of the
plaintiff, because a large amount of community property had been
concealed from the court and was not disposed of; since the same
becomes common property, and can be recovered in a proper action.

Appeal from a judgment of the superior court for Douglas
county, Steiner, J., entered January 18, 1909, upon findings
in favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action to vacate a decree of di-
vorce.   Reversed.

*Graves, Kizer & Graves,* and *Merritt, Oswald & Merritt,*
for appellant.

*W. E. Southard, Southard & Southard,* and *Robertson,
Miller & Rosenhaupt,* for respondent.

Gose, J.—This action, instituted by the respondent to
vacate a decree of divorce theretofore entered against her,
resulted in a decree in her favor, from which this appeal was
taken.   The complaint, which is quite lengthy, in substance
alleged, that the appellant and the respondent were married
on November 27, 1899; that because the appellant was then

engaged to marry another woman, the marriage was concealed from the public; that on December 27, 1904, the appellant, through fraudulent means, procured a decree of divorce to be entered in the superior court of Douglas county; that the fraud consisted in this, that at the time of the commencement of the action and the entry of the decree, the appellant was a resident of Adams county; that the decree was entered upon the service of a summons entitled in the superior court of Adams county; that the cause for divorce alleged in the complaint was abandonment on the part of the respondent, when, as the appellant well knew, there had been no. abandonment; that the respondent, after the service of summons and complaint, relying upon the promise of the appellant and his attorney that he would protect her interests and that no valid separation or divorce would be had, and that if necessary he would remarry her, neither employed counsel nor appeared in the action; that at the trial the appellant testified that the respondent had abandoned him, well knowing such evidence to be false and untrue; that the appellant was prosecuted on the charge of perjury in the superior court of Douglas county, for giving false testimony therein; that upon the trial he and his counsel therein claimed that the divorce proceedings were void; that the court had no jurisdiction because no summons, other than the one entitled in the superior court of Adams county, was served, and upon the motion of the appellant the jury was instructed to that effect; that the appellant concealed from the court a large amount of community property held in trust by various parties, of the value of $150,000; that after the entry of the decree the appellant married one Maud Motley, who knew of the respondent's rights; that thereafter the respondent employed an attorney to procure the vacation of the decree, and that he conspired with the appellant to defraud her of her marital and property rights; that the respondent had at all times a meritorious defense to the action, and that she did not abandon the appellant. The prayer is that the decree

and the order of Judge Chadwick, hereafter spoken of, be vacated, and that the respondent be restored to her marital rights. The answer joined issue on all the allegations of fraud and want of jurisdiction.

On November 1, 1905, ten months after the entry of the decree and four months after the marriage of appellant to a third party, the respondent filed a motion in the original action to vacate the decree. The motion is as follows:

"Comes now the above named defendant, Esta Meisenheimer, and appearing herein specially for the purpose of this motion and for no other purpose moves the court:

"(1) To quash, vacate, set aside and hold for naught the summons and proof of services thereof in the above entitled cause.

"(2) To vacate, set aside, hold for naught and strike from the records herein the findings of fact and conclusions of law filed in the above court in the above entitled action on the 27th day of December, 1904.

"(3) To vacate, set aside, hold for naught and strike from the files of said court the decree and judgment heretofore entered in the above entitled court in favor of the plaintiff and against the defendant signed and entered on the 27th day of December, 1904.

"(4) To dismiss the above entitled cause and action for the reason and on the ground that no service of the pretended summons on file herein was had or made upon the defendant as required by law or at all.

"All for the reason and on the ground that the court was without jurisdiction for the reason that no summons in the above entitled cause was served upon the defendant as required by law or at all.

"This motion is made upon all the papers, pleadings and files herein and upon the affidavit of the defendant hereto attached and the copy of the summons mentioned in said affidavit, the original of which defendant prays permission of this court to bring into court on the hearing of this motion and to exhibit same and to have same read in and made of evidence and a part of the record on said hearing in support of this defendant's motion."

The motion was heard upon the record and the affidavits of

the parties.   The counter affidavit of the respondent presented the principal facts pleaded in the complaint in the instant case in detail.   Thereupon, the parties stipulated as follows:

"It is hereby stipulated and agreed by and between the parties to the above entitled cause, through their respective attorneys, that said cause may be heard before Hon. S. J. Chadwick, judge of the superior court of the state of Washington, for Whitman county, provided the said Judge Chadwick will hear the motion to vacate the decree in said cause, in the city of Spokane, and it is stipulated and agreed that said motion may be heard in Spokane at any time to suit the convenience of the said S. J. Chadwick.   It is further stipulated and agreed that for the purpose of carrying out this stipulation the clerk of the superior court of the state of Washington for the county of Douglas, shall transfer the original files to the clerk of Spokane county."

A copy of the stipulation with the following letter was then mailed to Judge Steiner, the superior judge of Douglas county:

"Spokane, Wash., March 17, 1906.
"Hon. R. S. Steiner, Wenatchee, Wash.

"My Dear Judge:   For the convenience of parties and witnesses Mr. Belden and ourselves have stipulated that the motion in the Meisenheimer case might be heard before Judge Chadwick, he coming here to Spokane to hear it, and he has consented to do so.   We do not change the venue of the case, but simply have Judge Chadwick act and hear the motion here.   We enclose you a copy of the stipulation, the original having been sent to the clerk at Waterville.   We desire very much that you approve this arrangement and direct the clerk to send the files to the clerk of Spokane county to be under his charge while this matter is being heard.   Hoping that you will do this, we are,          Yours very truly,
"Dic. J. W. M.                          Merritt & Merritt."

Upon the stipulation and the letter, Judge Steiner made the following order:

"On reading the foregoing letter, and copy of stipulation therewith, it is ordered that the cause therein referred to be transferred to the superior court for Spokane county for the

purpose indicated, and that the clerk of the superior court for Douglas county transmit the papers in said cause to the clerk of the superior court for Spokane county.

"Dated at Wenatchee, March 19, 1906.

"R. S. Steiner, Judge."

On June 15, 1906, Judge Chadwick, sitting in the city of Spokane, heard the motion, affidavits, and argument of counsel; whereupon he made the following order:

"This cause coming on to be heard this 15th day of June, 1906, before the Honorable S. J. Chadwick, judge of the superior court of the state of Washington, for Whitman county, under the provisions of the stipulation herein, upon the motion of the defendants to vacate and set aside the decree entered in said cause, on the 27th day of December, 1904, hereinbefore filed in said cause, and the plaintiff appearing by O. R. Holcomb and Merritt & Merritt, his attorneys, and the defendant appearing by E. H. Belden, her attorney, and before proceeding with the argument upon said motion the defendant in open court moves to strike from the said motion ground four (4) thereof, and no objection being made thereto, it was ordered by the court that said ground be stricken, and held as waived by the defendant, and the court having heard the argument of counsel upon said motion to vacate and set aside said decree, and being sufficiently advised in the premises, overruled the same. It is therefore ordered and adjudged that said motion to vacate the said decree be and the same hereby is overruled and denied, to which ruling of the court defendant excepts, and exception is allowed.

"S. J. Chadwick, Judge."

The order was filed in the superior court of Douglas county January 10, 1907, and an appeal taken therefrom February 26 following, which was dismissed on May 3 following, upon the stipulation of counsel for the respective parties. At the time of the hearing of the motion, the respondent knew and presented all the facts which she now urges in support of the decree in the instant case, except the alleged collusion between her then counsel and the appellant, and the estoppel hereafter noticed.

The respondent first urges with great zeal that the evidence

discloses that the only summons served in the divorce action
was one entitled in the superior court of Adams county,
whilst, as we have seen, the decree was entered in the superior
court of Douglas county; and that, for this reason, the court
was without jurisdiction, and the decree is void. Conceding
for the moment the service to be as the respondent states, the
conclusion which she deduces does not follow. The record is
regular. The original summons was properly entitled and
fair upon its face. The return shows personal service in
Adams county. Let us suppose that the respondent had ap-
peared specially in the action, and moved to quash the service
because the summons served upon her was entitled as she
claims; that she had presented her evidence in that behalf,
and that the appellant had supported the record, as he did in
this case, with the evidence of Judge Holcomb and R. C. Hol-
comb, to the effect that she was served with a copy of the
original summons as it appears in the record; that the court
had denied her motion; that she had declined to plead further,
and upon the hearing upon the merits the decree had been
entered and no appeal taken. What, then, would have been
the status of the case? Surely no one upon such a record
would have the temerity to urge that the decree would be
void. The hypothesis would have presented primarily a ques-
tion of fact, viz., which summons was served. An erroneous
determination of a fact properly submitted cannot render a
judgment void. The same is true as to every other fact
relied upon for procuring the decree. The court necessarily
found that there had been a proper service; that the parties
were husband and wife; that the appellant was a resident of
Douglas county, and that the respondent had abandoned the
marriage relation more than a year before the filing of the
complaint.

Mr. Black, in his work on Judgments, §.170, speaking of a
void judgment, says: "It is not necessary to take any steps
to have it reversed, vacated, or set aside." In *Wright v.*

*Douglas*, 10 Barb. 97, the court, in commenting on this question, said:

"But when the jurisdiction depends on a fact that is litigated in a suit, and is adjudged in favor of that party who avers jurisdiction, then the question of jurisdiction is judicially decided, and the judgment record is conclusive evidence of jurisdiction, until set aside or reversed by a direct proceeding by appeal or a writ of error."

"In the case of an attempted service of process, the presumption exists that the court considered and determined the question whether the acts done were sufficient or insufficient. If so, the conclusion reached by the court, being derived from hearing and deliberating upon a matter which, by law, it was authorized to hear and decide, though erroneous, cannot be void." Freeman, Judgments (3d ed.), § 126.

"A judgment is not void in the legal sense unless its invalidity appears upon the record. It is voidable merely." 1 Bailey, Jurisdiction, § 136.

"The result deducible from a majority of the cases seems to be that it is only when the judgment appears upon its face to have been rendered without jurisdiction that it can be considered a mere nullity for all purposes." 1 Black, Judgments, § 218.

"A judgment rendered, without in fact bringing the defendants into court cannot be attacked collaterally on this ground, unless the want of authority over them appears in the record, it is no more void than if it were founded upon a mere misconception of some matter of law, or of fact, occurring in the exercise of an unquestionable jurisdiction." Freeman, Judgments (3d ed.), § 116.

"By the filing of the complaint the court obtains jurisdiction of the subject-matter, and by the service of the summons, of the person of the defendant; and every fact not negatived by the record will be presumed in aid of the judgment, and it will only be held void when it affirmatively appears from the record that the court had no jurisdiction to render it." *Munch v. McLaren*, 9 Wash. 676, 38 Pac. 205.

See, also, *Rogers v. Miller*, 13 Wash. 82, 42 Pac. 525, 52 Am. St. 20, and *Kizer v. Caufield*, 17 Wash. 417, 49 Pac. 1064.

Did Judge Chadwick, sitting in Spokane county, have jurisdiction to hear and determine the motion to vacate the decree? It cannot be doubted that Judge Steiner, the parties consenting, could have done so. The stipulation was that Judge Chadwick, a superior judge of the state of Washington for Whitman county, should hear the motion in the city of Spokane. The order of Judge Steiner was that the papers be transferred to the superior court for Spokane county for the purpose indicated in the stipulation, viz., that the motion might be heard by Judge Chadwick for the convenience of the parties and witnesses. The venue of the case had not been changed. Our code, Bal. Code, § 4766 (P. C. § 3188), provides that an attorney has authority "to bind his client in any of the proceedings in an action or special proceeding by his agreement duly made, or entered upon the minutes of the court." Pierce's Code, § 4380 (Bal. Code, § 4668), provides that the judge of a superior court of one county, when requested by the judge of the superior court of another county, may "hold a session of the superior court of the county" whereof such request shall have been made, "at the seat of judicial business of such county." Pierce's Code, § 4378 (Laws 1901, p. 76, § 2), provides that:

"Any judge of the superior court of the state of Washington who shall have heard any cause, either upon motion, demurrer, issue of fact, or other matter in any county out of his district, may decide, rule upon, and determine the same in any county in this state, which decision, ruling and determination shall be in writing, and shall be filed immediately with the clerk of the county where such cause is pending."

The order of Judge Steiner was, in substance and effect, when construed with the stipulation and letter of counsel, a request of Judge Chadwick to hear the motion in the city of Spokane, and was so construed by the parties. Broadly interpreted in the light of the record, with a view to effectuate the legislative intent, the several statutes conferred jurisdiction on Judge Chadwick to determine the motion, and the judgment entered by him was *res judicata*. The motion was

not determined until the judgment was filed with the clerk. *Northern Counties Inv. Trust v. Hender*, 12 Wash. 559, 41 Pac. 913.

Moreover, jurisdiction of the parties was obtained by their appearance, and the subject-matter was one over which the superior courts have general jurisdiction derived from the constitution. This being true, a party cannot appear before a judge or a court acting at his instance, have a full and fair hearing upon the merits, and then question jurisdiction because of an adverse decision.

In *Lillie v. Trentman*, 130 Ind. 16, 29 N. E. 405, at page 406, the court, in discussing this question, said:

"A practice that would permit a party litigant to proceed for months before a *de facto* judge, to make issues, and obtain rulings upon legal questions involved in the controversy, and then, if not satisfied with some of his rulings, or not disposed to go into trial when the cause is ready for trial, to be able in a moment to arrest proceedings and oust the jurisdiction of the judge, cannot be tolerated. The whole tendency of the later cases in this court has been in the direction of requiring such objections to be promptly made, and to hold that, if not made promptly, they are to be deemed waived."

In *State ex rel. Cougill v. Sachs*, 3 Wash. 691, 29 Pac. 446, a judgment entered by a judge *pro tempore* had been vacated because the judge had not been appointed by an agreement in writing signed by the parties or their attorneys and approved by the court. In reversing the judgment, it is said, at page 694:

"He was estopped by his action in appearing and trying the cause before the judge *pro tempore*, without objection, and could not be heard to raise the question thereafter."

Speaking to this question, in *State v. Holmes*, 12 Wash. 169, 40 Pac. 735, 41 Pac. 887, at page 180, the court said:

"The rule compelling the defendant to raise timely objection to the jurisdiction of the court is based upon principles of right and fair dealing. The statute is liberal in protecting the rights of a defendant in criminal actions, and ample opportunity is given him to present objections to anything

which is prejudicial to his rights. Knowing the ineligibility of the judge who tries his case, and yet submitting himself to the jurisdiction, being ready to avail himself of the action of the court if the verdict should be in his favor, he should not in justice be permitted to object to such jurisdiction when it eventuates that the verdict is against him. Such a practice would tend to defeat justice rather than to secure to the defendant his substantial rights."

In *Smurr v. State*, 105 Ind. 125, at page 133, 4 N. E. 445, it is said:

"We have many cases declaring that where a party goes to trial without objection before a judge assuming to act under color of authority, he cannot, after judgment or conviction, successfully make the objection that the judge had no authority to try the cause;"

citing numerous cases.

In *Rogers v. Loop*, 51 Iowa 41, 50 N. W. 224, it was held that, where the parties stipulated that a justice of the peace of one township should hear the case in another township, and appeared before him and had their cause heard and determined, the losing party could not thereafter be heard to raise the question of jurisdiction. In that case the court, recognizing the fundamental principle that consent of parties cannot confer jurisdiction over the subject-matter of an action where the law does not confer it, and by way of illustration, said a justice of the peace could not exercise jurisdiction by consent of the parties where the amount involved or the general question to be determined was not cognizable by such a court.

The respondent also urges that Judge Chadwick, sitting in chambers, was without jurisdiction to hear the motion. The constitution, art. 4, § 6, provides that the superior court shall always be open except on nonjudicial days. Whether we treat the judgment as the act of the judge or the act of the court, the effect will be the same. Under our judicial system it cannot be successfully contended that an act done by a judge sitting on the bench where no jury is required has any

greater legal force than the same act done by him in an adjoining room by courtesy styled his chambers. Moreover, he sat at the time and place agreed upon by the parties, and neither can now complain that he sat at a place in the city of Spokane other than the courtroom. These observations, of course, would not apply to a case where a superior court judge or a superior court undertook, without objection, to determine questions where the power to determine them had not been conferred by the constitution on superior courts.

The motion to vacate the decree was made in pursuance of the provisions of our code, Bal. Code, § 5153 (P. C. § 1033). Such proceedings must be commenced within one year. Bal. Code, § 5156 (P. C. § 1036). As we have seen, the motion, whether treated as a motion proper or an unverified petition, was supported by affidavits which presented all the questions of fact sought to be raised by the complaint in the instant case, except as herein noted. This is true with paragraph 4 eliminated, as will appear from reading the motion. The respondent attached an Adams county summons to her original affidavit, and the question of jurisdiction was therefore before Judge Chadwick. The respondent having sought to vacate the decree by a motion, that method is exclusive, and she cannot again seek the same relief in an independent suit upon facts that existed and were known to her when she adopted the former method. In discussing this question in *McCausland v. Bailey*, 51 Wash. 183, 98 Pac. 327, we said:

"When the court refuses to vacate a judgment, the whole matter in controversy is ended; and upon the trial of the cause in the equitable action to set aside the judgment, the result is exactly the same. There were two modes of attack, either of which could have been adopted by the appellants in this case; to move directly in the tax foreclosure to vacate the judgment, as in the case just cited, or to bring an independent suit in equity for that purpose, as the appellants here have done."

In *Chezum v. Claypool*, 22 Wash. 498, 61 Pac. 157, 79 Am. St. 955, in discussing the construction of the provisions of

our code, Bal. Code, §§ 5153 to 5162 (P. C. §§ 1033, 1039), at pages 499 and 500, it is said:

"As already said, the statute affords a full, complete, and adequate remedy. Such being the case, it must be regarded as exclusive; and, having unsuccessfully sought to obtain a decision in their favor by resorting to that proceeding, plaintiffs are bound by such decision, and cannot avoid the effect of it by an action like the present."

In *McCord v. McCord*, 24 Wash. 529, 64 Pac. 748, a decree of divorce had been entered and a motion to vacate the decree denied. Later, a petition to the same effect having been denied, an appeal was taken. We held that the remedy was by an appeal from the order denying the motion to vacate, instead of by a petition based upon the same facts. In *Pierce County v. Bunch*, 49 Wash. 599, 96 Pac. 164, at page 604, we said:

"It is therefore firmly established by the decisions of this court that an order denying a motion to vacate a judgment is a bar to any subsequent proceeding seeking the same relief, . . .."

See, also, *Wilson v. Seattle Dry Dock & Ship Bldg. Co.*, 26 Wash. 297, 66 Pac. 384; *Peyton v. Peyton*, 28 Wash. 278, 68 Pac. 757; *State ex rel. Post v. Superior Court*, 31 Wash. 53, 71 Pac. 740. We have examined *Payette v. Ferrier*, 20 Wash. 479, 55 Pac. 629; *Long v. Eisenbeis*, 21 Wash. 23, 56 Pac. 933; *Bingham v. Keylor*, 25 Wash. 156, 64 Pac. 942, and *Snyder v. Harding*, 38 Wash. 666, 80 Pac. 789, cited by the respondent, and are not persuaded that they announce a different rule.

Two questions remain which were not presented at the hearing upon the motion. First, it is alleged that the respondent's attorney conspired with the appellant to defeat her rights. He stipulated to dismiss the appeal from the judgment entered on the motion to vacate the divorce decree. He testified that he did so because he "came to the opinion that Judge Chadwick's opinion was correct. . . . I intended to bring another action." Granting that he erred in

judgment, the presumption is that the mistake was an honest one. Fraud and error are not synonymous terms. We have read all the evidence, and the charge finds no support in the record.

It is urged that the conduct of the appellant in the trial of the criminal case was not submitted to Judge Chadwick, and that it estops him from asserting the validity of the decree. The evidence shows that the perjury case was tried after the respondent filed her motion and affidavit to vacate the decree. W. J. Canton, the prosecuting attorney of Douglas county, who tried the perjury case for the state, gave evidence that no witness, other than the respondent, testified to the service of the summons; that the Adams county summons was introduced in evidence by the appellant on cross-examination of the respondent, and as a part thereof. The evidence shows an utter absence of the essential elements of estoppel. A defendant in a criminal case has an undoubted right to have all the state's evidence and the applicable law submitted to the jury.

In *Butler v. Supreme Court of Foresters*, 53 Wash. 118, 101 Pac. 481, a husband had left his home on July 7, 1898, intending to return in a few days. His wife paid the dues on a life policy which he held in the defendant company, until February 28, 1900. In April, 1900, the wife instituted proceedings for divorce, alleging her husband's desertion. In due time the decree of divorce was entered. In 1906, after the expiration of seven years, the wife commenced an action to recover on the policy, on the ground of the death of her husband. The defendant pleaded that she was estopped; that having brought her divorce action on the theory that her husband was alive, she could not later, in another action, contend that he was dead when the former action was commenced. In holding that there was no estoppel, at page 484, we said:

"Estoppels operate only towards parties or privies, and the party who pleads an estoppel must be one who had in good faith been led to his injury."

In the perjury case, it is obvious that the parties were the state and the appellant. The respondent was in no sense a party. Moreover, the respondent knew this fact when she presented her motion, and as we have said, it was her duty to present all her facts at that time.

The complaint alleged that a large amount of community property, held in trust by various persons, was concealed from the court and not disposed of in the decree. If this is true, the property or its avails is now common property, and the respondent in a proper proceeding with proper parties can have her rights determined. This question was not litigated either before Judge Chadwick or here. The primary purpose of the action was to vacate the decree, leaving the parties husband and wife. *James v. James*, 51 Wash. 60, 97 Pac. 1113; *Ambrose v. Moore*, 46 Wash. 463, 90 Pac. 588, 11 L. R. A. (N. S.) 103.

The view we have taken of the case makes it unnecessary to discuss other questions of law suggested by counsel based on a different theory of the law. The decree will be reversed, with directions to enter a judgment for the appellant for costs.

RUDKIN, C. J., FULLERTON, and MORRIS, JJ., concur.