[No. 8208. Department Two. November 13, 1909.]

## EDWIN H. FLUECK, *Appellant*, v. GEORGE PEDIGO *et al.*, *Respondents.*[1]

JUDGMENT—RES JUDICATA—DENIAL OF MOTION TO VACATE—BAR. An order denying a motion by parties not served to vacate a tax foreclosure judgment, void because taken without notice and by mistake, heard on the merits and not appealed from, is *res judicata* and a bar to a subsequent action by one claiming under such parties, to the extent of their interests; and it is immaterial that the motion to vacate was upon a special appearance or that the defect rendered the judgment void.

TAXATION—FORECLOSURE—SUMMONS—FORM. An individual tax foreclosure and deed is void as to an owner of a one-sixth interest, and his successor, where there was no personal service and the summons for publication required an appearance within sixty days after service of the summons.

ABATEMENT AND REVIVAL—ANOTHER ACTION PENDING—PLEA—DISMISSAL OF FIRST ACTION. A motion to vacate a judgment cannot be pleaded in abatement of another action for the same cause, where the motion was dismissed on stipulation without prejudice before the plea in abatement was filed.

ADVERSE POSSESSION — COLOR OF TITLE — TAX CERTIFICATE OF DELINQUENCY. A tax title claimant cannot claim adverse possession and the payment of taxes for seven successive years, prior to seven years after the date of the tax deed, by the taking of possession under the certificate of delinquency before the sale; and Laws 1897, p. 182, § 95, subd. 4, making the certificate of the same effect as a judgment does not make the certificate color of title or give the right to possession, the same being merely a legislative definition of the nature of the lien, in view of the next section requiring judgment and sale.

EJECTMENT—IMPROVEMENTS. In ejectment, recovery cannot be had for improvements prior to the betterment law of 1903.

Appeal from a judgment of the superior court for King county, Morris, J., entered March 24, 1909, upon findings in favor of the defendants, in an action to recover land sold for taxes, after a trial on the merits before the court without a jury. Affirmed in part and reversed in part.

[1] Reported in 104 Pac. 1119.

*William B. Bebb* and *E. H. Flueck* (*Walter G. Loewe*, of counsel), for appellant.

*S. D. King*, for respondents.

Rudkin, C. J.—On the 7th day of May, 1900, the county treasurer of King county issued to the defendant George Pedigo a certificate of delinquency for unpaid taxes on lots 1, 2, 3, 4, and 5, of Block 64, of Riley's Addition to Riley's Addition to South Seattle, for the years 1891 to 1895 inclusive. On the 23d day of June, 1900, Pedigo instituted proceedings in the superior court of King county to foreclose the certificate, and such proceedings were had therein that a default judgment of foreclosure was entered on the 31st day of August, 1900. A sale was made under this judgment by the county treasurer, and a tax deed issued to Pedigo as purchaser on the 15th day of September, 1900. At the time the tax foreclosure was instituted, Annie L. Fuller, widow of L. C. Fuller, deceased, Mabel Fuller Rossiter, Lena Fuller Beckwith, and John A. Slavin, were the owners of the property affected by the foreclosure. There was no personal service on the defendants in the foreclosure, and no appearance by them, and the published summons or notice was void under the decision of this court in *Thompson v. Robbins*, 32 Wash. 149, 72 Pac. 1043, and numerous later cases.

On the 3d day of June, 1903, the widow, Annie L. Fuller, Mabel Fuller Rossiter, and Lena Fuller Beckwith interposed a motion to vacate the tax judgment on the ground that the judgment was taken without their knowledge, and through their mistake, inadvertence, surprise, and excusable neglect, and on the further ground that the court had no jurisdiction of the subject-matter of the action or of the person of the defendants. This motion was denied, after a full hearing on the merits, on the 14th day of July, 1903, and a further motion to reconsider was denied on September 26, 1903. An appeal from the two last mentioned orders was prosecuted to

this court, but the appeal was dismissed because not taken within the time limited by law. *Pedigo v. Fuller*, 37 Wash. 529, 79 Pac. 1129. On July 9, 1907, the appellant Flueck, as successor in interest to the Fullers and Slavin, interposed a second motion to vacate the tax judgment, but by stipulation of all parties concerned this motion was afterwards dismissed without prejudice. On the 27th day of July, 1907, the present action was instituted to vacate the same judgment, and to quiet title to the property affected thereby. The defendants had judgment below, and the plaintiff appeals.

As to the undivided five-sixth interest in the property acquired by the appellant from Annie L. Fuller, Mabel Fuller Rossiter, and Lena Fuller Beckwith, the judgment must be affirmed, for the reason that the order denying the motion to vacate the tax judgment is *res judicata*. In the case of *Chezum v. Claypool*, 22 Wash. 498, 61 Pac. 157, 79 Am. St. 955, it was held that our statute affords a full, complete, and adequate remedy against an illegal judgment by authorizing the aggrieved party to proceed by motion to vacate and set aside, and permitting an appeal from an order entered on such motion, and that one who has attacked a judgment by motion to vacate, and has failed to prosecute an appeal from a denial of his motion, cannot subsequently maintain an action to cancel the judgment, since the question of the validity of the judgment is *res judicata*. The doctrine announced in that case was reaffirmed in *McCord v. McCord*, 24 Wash. 529, 64 Pac. 748; *Pierce County v. Bunch*, 49 Wash. 599, 96 Pac. 164, and in the recent case of *Meisenheimer v. Meisenheimer*, *ante* p. 32, 104 Pac. 159, and has become the settled law of this state.

The appellant seeks to distinguish these cases from the case at bar on two grounds: First, because the appearance of his predecessors in interest in support of the motion to vacate the tax judgment must be deemed a special appearance; and second, because the original judgment was void.

We deem it unnecessary to inquire whether the motion to vacate the tax judgment constituted a general or a special appearance in that proceeding, because the moving parties invoked the jurisdiction of the court to vacate the judgment and the order denying the motion is necessarily binding upon them. It is folly to claim that a party is not bound by an order denying relief which he himself prays for. The moving parties were before the court demanding relief, the court had full and complete jurisdiction of the subject-matter and the parties, and its decision is final until reversed, or set aside in some appropriate proceeding authorized by law. Nor does the fact that the original judgment was void change the rule. As well might it be claimed that the appellant may institute another action for the same relief upon the affirmance of the judgment appealed from. It is the order denying the motion to vacate that works the estoppel, and not the original judgment. The court does not hold the original judgment valid, but holds the parties estopped to challenge its validity.

On the other hand, the appellant seems entitled to the relief prayed for as to the undivided one-sixth interest acquired from Slavin. As to him, the tax judgment was void and nothing has transpired since to estop either him or his successor in interest from moving against it. The answer pleads the pendency of the motion to vacate, interposed by the appellant, in abatement of the present action, but the answer itself shows that the first motion was dismissed without prejudice before the answer was filed. The plea in abatement was therefore insufficient. 1 Ency. Plead. & Prac., p. 773.

Respondents also claimed title by adverse possession for seven successive years under claim and color of title made in good faith accompanied by the payment of taxes, but this defense is not sustained. Less than seven years elapsed between the date of the tax deed and the commencement of the present action. The respondents attempt to tack to their possession under the tax deed their possession under the

certificate of delinquency before foreclosure, contending that the certificate itself is color of title under subdivision 4, §95 of the laws of 1897, p. 182, which provides that, "Such certificate shall have the same force and effect as a judgment execution and sale of and against the premises included therein." The meaning of this provision is not entirely clear, but it must be construed as a legislative definition of the nature and extent of the tax lien, and nothing more. The very next section of the act provides for a foreclosure of the certificate and a judgment and sale, so that the preceding section cannot be given the force and effect claimed for it. A certificate in and of itself gives the holder no right to the possession of the property therein described, and cannot be made the basis of an adverse claim.

All improvements on the property were made prior to the passage of the betterment act of 1903, so that we are not concerned with these in the final disposition of the case.

The judgment is reversed, with directions to enter judgment in favor of the appellant for an undivided one-sixth interest in the property, upon payment of his pro rata proportion of all taxes paid by the respondents, with interest. The appellant will recover his costs in this court.

CROW, MOUNT, PARKER, and DUNBAR, JJ., concur.