[No. 8590. Department One. July 5, 1910.]

## P. P. NEWELL *et al.*, *Appellants*, v. R. H. YOUNG *et al.*, *Respondents.*[1]

JUDGMENT—BAR—MOTION TO VACATE—RES JUDICATA—ELECTION OF REMEDIES. The denial of a motion to vacate a tax judgment and sale because of invalidity of the proceedings, is *res judicata* and a bar to a subsequent action to quiet title and set aside the judgment and tax title on the same grounds; the motion being an election of remedies.

Appeal from a judgment of the superior court for King county, Main, J., entered June 30, 1909, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to vacate a tax deed and to quiet title. Affirmed.

*Edward Judd*, for appellants.

*E. B. Palmer* and *Thomas M. Askern*, for respondents.

FULLERTON, J.—On July 12, 1900, the respondent R. H. Young procured a certificate of delinquency for unpaid taxes levied in 1896 on certain real property situated in King county. He thereupon paid the taxes for the subsequent years, and on August 21, 1900, began an action to foreclose the lien of the certificate. The action was prosecuted to judgment and sale, at which sale Young became the purchaser, receiving a treasurer's tax deed for the property on September 2, 1904. The property in question was formerly owned by the Moore Land Company, a corporation, and was assessed in its name during the period mentioned. The Moore Land Company had, however, parted with its interest in the property as early as 1891, one Harriet Moore being the owner of the property at the time of the foreclosure proceedings. The Moore Land Company, was the only defendant named in the foreclosure proceedings, and while the judg-

[1]Reported in 109 Pac. 801.

ment recites that the summons "was regularly and duly served on the above named defendants as the law in such cases requires," the records show an attempted service by publication, void under the decisions of this court in *Thompson v. Robbins*, 32 Wash. 149, 72 Pac. 1043, and subsequent cases following the rule there laid down.

On June 25, 1906, Harriet Moore conveyed such interest in the land as she then had to Newell H. Moore, who, on February 4, 1907, filed a written motion asking that the judgment of foreclosure be vacated and set aside on the following grounds: (1) that it did not appear that the summons in the foreclosure proceedings was ever served upon any of the defendants, nor that it was returned by the sheriff "not found" as to the defendants; (2) that it does not appear that any affidavit of nonresidence was filed in the cause as a basis for service of a summons by publication; (3) that the summons published is defective; and (4) that the judgment was entered less than sixty days after the last publication of the summons. This motion duly came on to be heard on its merits before the superior court, and was by that court denied. Subsequently Newell H. Moore conveyed the property to P. P. Newell, who with his wife began this action for the purpose of vacating the tax deed and quieting title to the property. The respondents had judgment in the court below, and this appeal was taken therefrom.

The trial court, on the authority of the case of *Flueck v. Pedigo*, 55 Wash. 646, 104 Pac. 1119, and the cases there cited, held that the appellants were estopped by the judgment on the motion to vacate from now questioning the validity of the tax foreclosure proceedings. The appellants, however, earnestly contend that the judgment on the motion is not *res judicata* of the present action, as the question now in controversy was not heard on the motion to vacate. But it seems to us that the question now before us was the sole question that was decided in that proceeding. The only ground upon which the present action can rest is the invalidity of the tax

foreclosure proceedings, and that was the very question presented by the motion to vacate. It is true that the present action suggests matters dehors the record going to show the invalidity of that judgment, while the motion to vacate the judgment was based on the face of the record. But this distinction cannot avail the appellants. A motion to vacate a judgment is a form of procedure specially provided for by the statutes in this state, and is one of the concurrent remedies by which a party may be relieved from an improvident or irregular judgment. Being a concurrent remedy, an election to pursue it operates as a bar to the subsequent pursuit of another remedy seeking the same relief. As we said in *Flueck v. Pedigo, supra,*

"The moving parties invoked the jurisdiction of the court to vacate the judgment and the order denying the motion is necessarily binding upon them. It is folly to claim that a party is not bound by an order denying relief which he himself prays for. The moving parties were before the court demanding relief, the court had full and complete jurisdiction of the subject-matter and the parties, and its decision is final until reversed, or set aside in some appropriate proceeding authorized by law. Nor does the fact that the original judgment was void change the rule. As well might it be claimed that the appellant may institute another action for the same relief upon the affirmance of the judgment appealed from. It is the order denying the motion to vacate that works the estoppel, and not the original judgment. The court does not hold the original judgment valid, but holds the parties estopped to challenge its validity."

The judgment is affirmed.

Rudkin, C. J., Chadwick, Gose, and Morris, JJ., concur.