[No. 8888. Department One. November 10, 1910.]

L. S. BOYLAN, *Appellant*, v. ABBY BOCK *et al.*, *Respondents*.[1]

JUDGMENT—RES JUDICATA—BAR—VACATION OF JUDGMENT. The denial of a motion to vacate a tax judgment, entered in the court below on the ground that the moving party had adopted the wrong procedure, but affirmed in the supreme court upon the merits of the application, is *res judicata* and bars a subsequent suit in equity to set aside the tax judgment and tax deed on the same grounds.

Appeal from a judgment of the superior court for King county, Shackleford, J., entered September 24, 1909, in favor of the defendants, upon granting a nonsuit, dismissing an action to vacate a tax judgment and deed. Affirmed.

[1] Reported in 111 Pac. 454.

*W. G. Woods* and *Edward Judd,* for appellant.

*Byers & Byers,* for respondents.

RUDKIN, C. J.—On the 31st day of July, 1901, judgment was entered in the court below in a tax proceeding entitled Abby Bock v. Barbara Sanders and C. Paul Sanders, foreclosing a delinquency certificate, and directing a sale of the property therein described. On the 5th day of November, 1906, the plaintiff in this action interposed a motion to vacate the tax judgment, in the name and on behalf of the defendants therein, on the ground and for the reason that no notice or summons was served on the defendants, and that the court was without jurisdiction to render or enter the tax judgment. This motion was denied on the 24th day of November, 1906, for the reason that "the defendants should have appeared by petition and not by motion." An appeal was prosecuted from the latter order to this court, where the judgment was affirmed. *Bock v. Sanders,* 46 Wash. 462, 90 Pac. 597. The affirmance was on the merits, however, and not upon the particular ground on which the order was based in the court below. Thereafter the present suit was instituted in equity to set aside and vacate the tax judgment and tax deed on the same grounds. The order denying the motion to vacate the judgment was pleaded in bar of the action, and from a judgment sustaining the plea of *res adjudicata,* the present appeal is prosecuted.

A person against whom a judgment is taken without jurisdiction may move against the judgment, or may prosecute an independent action to procure its vacation, but the two remedies are concurrent, and an adverse judgment in one proceeding is a bar to an action for similar relief under a different name or in a different form. This question has so often been decided by this court that it is no longer an open one. *Chezum v. Claypool,* 22 Wash. 498, 61 Pac. 157, 79 Am. St. 955; *McCord v. McCord,* 24 Wash. 529, 64 Pac. 748; *Pierce County v. Bunch,* 49 Wash. 599, 96 Pac. 164; *Bunch v.*

*Pierce County*, 53 Wash. 298, 101 Pac. 874; *Meisenheimer v. Meisenheimer*, 55 Wash. 32, 104 Pac. 159, 133 Am. St. 1005; *Flueck v. Pedigo*, 55 Wash. 646, 104 Pac. 1119; *Newell v. Young*, 59 Wash. 286, 109 Pac. 801.

The appellant contends, however, that the former judgment was not on the merits for two reasons, and was therefore not a bar. First, because the motion to vacate was denied on the ground that the moving party had adopted the wrong procedure; and second, because the motion to vacate was based on the face of the record, whereas the present action was based on matters *de hors* the record. Conceding, for the purpose of argument, that these distinctions are sound, they are not supported by the record. While the court below denied the first motion on the ground stated, this court passed on the merits of the application regardless of the form of the action or proceeding, and an examination of the record in the two cases shows that the motion and accompanying affidavit filed on the first application set forth the identical grounds for vacating the judgment which are set forth as the basis for relief in the present complaint. Such being the case, the former judgment, whether right or wrong, is a complete bar to this action. The judgment is therefore affirmed.

MOUNT, GOSE, FULLERTON, and PARKER, JJ., concur.