[No. 13909.  Department Two.  August 4, 1917.]

F. W. BARKER, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

JUDGMENT—VACATION—JURISDICTION. The superior court has jurisdiction of the subject-matter of the vacation of judgments; and final orders therein are as conclusive as other judgments.

EMINENT DOMAIN — JUDGMENT AWARDING DAMAGES — VACATION. Rem. Code, § 7783, providing that judgments in eminent domain shall be final and conclusive as to the damages unless appealed from, was not intended to control the power of the superior courts to vacate and set aside such judgments as provided in the general statutes, Rem. Code, § 464; in view of Const., art. 1, § 16, providing that compensation in eminent domain shall be ascertained "as in other civil cases."

SAME. The fact that the judgment in eminent domain proceedings has been satisfied does not affect the jurisdiction of the court to vacate it, as against the judgment creditor duly served with process.

[1]Reported in 166 Pac. 1143.

SAME—JUDGMENT—AWARDING DAMAGES— VACATION—SATISFACTION
BY WARRANTS—RIGHTS OF ASSIGNEE—NOTICE. The vacation of a judg-
ment for damages in eminent domain proceedings, for which a city
warrant had been issued in satisfaction of the judgment, is binding
and conclusive upon an assignee of the warrant, where the city had
no notice of the assignment, and proceeded against the judgment
creditor as the apparent party in interest; since such warrants are
not negotiable instruments precluding settlement with the judgment
creditor apparently holding the judgment, especially where no local
assessment fund had been provided for the payment of the warrant.

MUNICIPAL CORPORATIONS—ASSESSMENTS—WARRANTS—LIABILITY—
FAILURE TO PROVIDE FUND. The failure of a city to provide a local
assessment fund for the payment of a warrant given in satisfaction
of a judgment for damages payable out of the fund, does not make
the warrant a general fund warrant.

Appeal from a judgment of the superior court for King
county, Frater, J., entered September 18, 1916, upon find-
ings in favor of the plaintiff, in an action for damages, tried
to the court. Reversed.

*Hugh M. Caldwell* and *James A. Dougan*, for appellant.

*Kerr & McCord*, for respondent.

PARKER, J.—The plaintiff, F. W. Barker, seeks recovery
of damages from the defendant, city of Seattle, because of its
failure to provide a local improvement fund by special assess-
ment to pay compensation awarded in eminent domain pro-
ceedings for the taking of land for the extension of Phinney
avenue in that city. Warrants were issued against the con-
templated local assessment fund for the amount of the award,
one of such warrants being now held by the plaintiff as as-
signee of Olof Nelson, to whom the award was made and the
warrants issued. Trial in the superior court for King county
resulted in findings and judgment against the city, awarding
to the plaintiff damages in the sum of $1,689, the amount of
the warrant held by him, together with interest thereon from
January 10, 1911, the date of the issuance of the warrant.
From this disposition of the cause, the city has appealed to
this court.

In August, 1909, there was passed and approved by the city council and mayor of the city of Seattle an ordinance providing for the acquisition, by eminent domain proceedings, of a strip of land eighty feet wide for the extension of Phinney avenue in that city. The ordinance also provided that the land so acquired should be paid for by special assessment upon the property benefited by such extension, and that any part of the cost of such extension not finally assessed against the property specially benefited should be paid from the general funds of the city. Eminent domain proceedings were accordingly instituted in the superior court for King county, resulting in a verdict and judgment rendered thereon in January, 1911, awarding to Olof Nelson, as the owner of the land to be taken, the sum of $5,898. Neither the city nor Nelson appealed from that judgment, but both being then satisfied therewith, the city issued to Nelson, against the prospective special assessment fund, four warrants aggregating the total amount of the judgment and costs, one of which warrants was the $1,689 warrant here in question. In the body of this warrant, after the direction of payment from the special assessment fund, appears the following: "This warrant is not a general debt of the city of Seattle and is payable only out of the proceeds of the collections of the special assessment made for the condemnation for which it is issued." Upon receiving these warrants, Nelson satisfied the judgment upon the records of the superior court. Thereafter, by mesne assignments and by bequest, respondent became the holder of the $1,689 warrant and, as such, succeeded to all of the rights of Nelson.

In December, 1911, the city filed its petition in the superior court for King county seeking vacation and annulment of the verdict and judgment awarding compensation to Nelson as owner of the land. Nelson was duly notified and appeared generally in the vacation proceeding, and the question of the vacation of the verdict and judgment being presented to

and submitted to the superior court upon the merits, that court, on April 20, 1912, entered its order vacating and setting aside the verdict and judgment awarding to Nelson compensation for which the warrants against the prospective local assessment fund were issued. This order of vacation has never been appealed from, vacated or set aside. While the warrant here in question was assigned by Nelson before the vacation of the eminent domain judgment, no one was made a party defendant in the vacation proceeding other than Nelson, the judgment creditor; so none of Nelson's successors in interest, including respondent, ever had an opportunity to resist the city's application to vacate the judgment. Nor did any of Nelson's successors in interest learn of the city's application to vacate that judgment or of the order vacating it until long after the order of vacation was entered. The record before us compels us to proceed upon the assumption that, at the time the city applied to vacate the judgment and at the time of the entering of the order of vacation, the city had no notice that Nelson had, prior thereto, assigned the warrant here in question.

The ground of the city's application for vacation of the judgment in the eminent domain proceeding appears to be that it was discovered, after the rendering of that judgment, that Nelson was not in fact the owner of the whole of the eighty-foot strip of land sought to be condemned, but was the owner of only a twenty-foot strip along the east side thereof. This, however, as we proceed, we think, will appear to be of no moment so far as our present inquiry is concerned, since it would have to do only with questions of error in the entering of the order of vacation, which order, as we have noticed, has never been appealed from or set aside. There has never been any special assessment made and confirmed looking to the creation of a fund to pay the warrants issued to Nelson following the rendering of the judgment awarding him compensation in the eminent domain proceeding. In January, 1912, the city council and mayor of the city

passed and approved an ordinance purporting to amend the original ordinance providing for the acquisition of the eighty-foot strip of land for the extension of Phinney avenue, in effect repealing the provisions of that ordinance in so far as it contemplated acquisition of the entire eighty-foot strip, and providing for the acquisition by eminent domain proceedings of a twenty-foot strip of land along the east side of the eighty-foot strip for use as a part of Phinney avenue.

If this action were being prosecuted by Nelson, to whom the warrants were originally issued, it would seem plain that he could not recover because of the order vacating and setting aside the judgment awarding him compensation for which the warrants were issued. It may be that error was committed by the superior court in vacating that judgment such as would call for the reversal of the order of vacation upon appeal; but we have seen that Nelson was a party to the vacation proceeding; that he received due notice and appeared generally therein; that the issues in that proceeding were disposed of upon the merits, resulting in a final order vacating the eminent domain judgment; and that the order of vacation has not been appealed from or set aside, but remains in full force and effect in so far as the rights of Nelson are concerned. That superior courts have jurisdiction of the subject-matter of the vacation of final judgments and that their final orders rendered in vacation proceedings are as conclusive as other judgments, is thoroughly settled by our decisions. *Chezum v. Claypool*, 22 Wash. 498, 61 Pac. 157, 79 Am. St. 955; *Wilson v. Seattle Dry Dock & Ship Bldg. Co.*, 26 Wash. 297, 66 Pac. 384; *Peyton v. Peyton*, 28 Wash. 278, 68 Pac. 757; *Meisenheimer v. Meisenheimer*, 55 Wash. 32, 104 Pac. 159, 133 Am. St. 1005; *Flueck v. Pedigo*, 55 Wash. 646, 104 Pac. 1119; *Newell v. Young*, 59 Wash. 286, 109 Pac. 801; *Kelley v. Sakai*, 72 Wash. 364, 130 Pac. 503.

Contention is made in respondent's behalf that, because the judgment awarding Nelson compensation was rendered in an eminent domain proceeding, it was not within the power

of the superior court to vacate it; that, in doing so, that court acted without the jurisdiction of the subject-matter, and that therefore its order of vacation is void and not conclusive upon any one. Counsel argue that our general statute relating to the vacation of judgments, Rem. Code, § 464 *et seq.*, has no application to the vacation of judgments in eminent domain proceedings, and that our eminent domain statute negatives the idea that judgments rendered in such proceedings may be vacated for any cause except by appeal. This argument seems to be rested upon the fact that our eminent domain statute does not, in terms, provide for the vacation of a judgment of award rendered in proceedings had thereunder, and also upon that portion of Rem. Code, § 7783, reading as follows: "Such judgment or judgments shall be final and conclusive as to the damages caused by such improvement unless appealed from . . ." We do not view this language as an attempt on the part of the legislature to curtail the power of our superior courts to vacate and set aside judgments rendered in eminent domain proceedings. Being courts of general common law and equity jurisdiction, and § 16, art. 1 of our constitution providing, in substance, that the exercise of the power of eminent domain shall be by judicial proceedings and that compensation shall be ascertained therein "as in other civil cases," it seems plain to us that the inherent power of the superior courts to vacate such judgments upon proper showing remains undisturbed. We do not think that this statutory declaration as to the finality of the judgments in eminent domain proceedings makes such judgments conclusive in any other sense than a final judgment becomes conclusive in any other proceeding. Our general statute relating to the vacation of judgments in civil actions, while in terms purporting to confer the power of vacation upon superior courts, is in effect only a statute of procedure. The power is inherent in courts of general jurisdiction, such as our superior courts, in the absence of statute. 15 R. C. L. 688; 28 Cyc. 890.

Some contention is made that the superior court had no power to vacate the eminent domain judgment because it was satisfied upon the superior court records. As a question of error in entering the vacation order, this suggests a problem of interest as to which there seems to be some conflict in the decisions. 23 Cyc. 893. It seems plain to us, however, that it does not have any controlling force upon the question of the jurisdiction of the superior court over the subject-matter of vacating the eminent domain judgment as exercised in the vacation proceeding here in question. We conclude that the order of vacation is not void for want of jurisdiction over the subject-matter, and not being void for want of due process as against Nelson, it follows as a matter of course that it is conclusive as to him, and, at all events, would have prevented recovery in this action were he the plaintiff herein.

Does the order of vacation have a like effect upon the rights of respondent in this action? We feel constrained to hold that it does. It has become the settled law of this state, in harmony with the rule elsewhere, that municipal and state warrants are not negotiable instruments, and that, when in the hands of assignees of persons to whom they were issued, they evidence no more binding obligation upon the municipality or state issuing them than when in the hands of the persons to whom issued. In other words, they are simply assignable as nonnegotiable choses in action. *Bardsley v. Sternberg*, 17 Wash. 243, 49 Pac. 499; *West Philadelphia Title & Trust Co. v. Olympia*, 19 Wash. 150, 52 Pac. 1015; *State ex rel. Olympia Nat. Bank v. Lewis*, 62 Wash. 266, 113 Pac. 629; *University State Bank v. Bremerton*, 86 Wash. 261, 150 Pac. 429; 1 Daniel, Negotiable Instruments (6th ed.), § 427; 28 Cyc. 1570.

Counsel for respondent argue, however, that, because respondent was not made a party to the vacation proceeding, and he being a holder of the warrant in question at the time of the institution of that proceeding and the entering of the order therein vacating the eminent domain judgment, that

order is not conclusive upon him. We have seen that the city had no notice of any one other than Nelson having any right, by assignment or otherwise, in the award of compensation made in the eminent domain judgment until after the entry of the order vacating that judgment. In other words, in prosecuting the vacation proceeding, the city gave notice to, and made defendant in that proceeding, the only person, to wit, Nelson, whom it had any knowledge of then having any interest in the eminent domain judgment and the warrants issued thereon. Now, because of this want of notice on the part of the city, and the fact that the city's obligation to pay the eminent domain judgment was not evidenced by negotiable instruments, the rule that the debtor may, without notice of assignment of such a debt by his creditor, safely settle such debt with his creditor and render himself free from all obligation to his creditor's assignees, seems of controlling force here. 5 C. J. 960; 2 R. C. L. 622.

This principle was recognized and applied in our decision in *Dial v. Inland Logging Co.*, 52 Wash. 81, 100 Pac. 157. Counsel for respondent cite and rely upon our decision in *State ex rel. Reed v. Gormley*, 40 Wash. 601, 82 Pac. 929, 3 L. R. A. (N. S.) 256, holding in substance that, in an action to enjoin the payment of general current expense fund county warrants issued by order of the county commissioners of King county for services rendered to the county, there was a defect of parties defendant in failing to make assignees of the original holder of the warrants parties to the case, the county having knowledge that the original holder had sold and assigned the warrants to third persons. The warrants there in question became contracts for the payment of money as a general indebtedness of the county, as was in effect held in *Union Savings Bank & Trust Co. v. Gelbach*, 8 Wash. 497, 36 Pac. 467, 24 L. R. A. 359. The warrant here in question does not purport to evidence a general indebtedness of the city. Indeed, by its very terms, as we have noticed, it expressly declares otherwise. Nor would the fact that the city

failed to provide a local assessment fund to pay the warrant, or the fact that the city might have provided such a fund and wrongfully diverted it, make the warrant a general fund warrant. This is not an action to recover from the city upon the warrant. Indeed, no such action could be maintained. But it is an action to recover damages for the alleged wrong of the city in failing to provide a local assessment fund to pay the warrant. *Quaker City Nat. Bank v. Tacoma*, 27 Wash. 259, 67 Pac. 710; *Jurey v. Seattle*, 50 Wash. 272, 97 Pac. 107. Now, since the award made to Nelson by the eminent domain judgment constituted an obligation which the city could have settled or compromised with Nelson in any manner mutually satisfactory to him and the city, thereby freeing the city from all liability to his assignees, who had acquired interests therein by assignment without notice to the city, it seems to us that the city could render itself equally free from all claims of Nelson's assignees against it of whom it had no notice, by this vacation proceeding instituted and prosecuted against Nelson in the superior court, resulting in a final order vacating the judgment upon which the warrant was issued. This manifestly was as conclusive a settlement and abrogation of the rights of Nelson and his assignees as a mutual voluntary settlement between Nelson and the city would have been.

We have not lost sight of the fact that the warrant in question constitutes such a chose in action as may be transferred by mere indorsement and delivery, and it may be that the city could not safely pay to Nelson from the special assessment fund, if one had been created, the amount called for by the warrant without surrender of the warrant. Probably the well known custom of dealing in such contracts for the payment of money is sufficient to make the surrender of such warrants upon their payment necessary in order to render the city free from liability in some form of action to an assignee. There is not here involved the payment of the warrant to the wrong person, but simply the question of the con-

clusiveness of the order vacating the eminent domain judgment as against Nelson's assignees, of whom the city had no notice until after the entry of the order of vacation. We feel constrained to hold that assignees of such warrants take them with notice of the possibility of the judgment upon which they are issued being vacated, at least upon application filed within the year prescribed by our statute relating to the vacation of judgments, as the application for vacation here involved was filed, and that assignees of whom the city has no notice will be bound by an order of vacation in a proceeding to which the judgment creditor is a party.

To what extent respondent may be entitled to relief as against the special assessment fund which may be hereafter created to pay the award which presumably will be made to Nelson in another eminent domain proceeding looking to the acquisition of the twenty-foot strip of land for use as a part of Phinney avenue, we do not here decide. We hold only that the city cannot be compelled to respond in damages in this action.

We conclude that the judgment of the trial court must be reversed and the action dismissed. It is so ordered.

ELLIS, C. J., MOUNT, and FULLERTON, JJ., concur.