[No. 15819.   Department Two.   July 7, 1920.]

IDA M. STOLZE, *Respondent*, v. FLORENCE STOLZE,
*Appellant*.[1]

ELECTION OF REMEDIES (1, 6)—JUDGMENT (95)—VACATION—CONCURRENT REMEDIES.  A motion in the original action to vacate a default judgment for want of jurisdiction, and an independent action in equity seeking the same relief, are concurrent remedies, and the election to exercise one forecloses the use of the other; and upon an adverse judgment, the only remedy is by appeal.

Appeal from an order of the superior court for Pierce county, Card, J., entered March 2, 1920, denying a motion to vacate a judgment, after a hearing before the court.   Affirmed.

*Guy E. Kelly* and *Thomas MacMahon*, for appellant.
*P. L. Pendleton*, for respondent.

PER CURIAM. — The respondent commenced suit against the appellant in Pierce county, Washington, to set aside a certain deed which had previously been made to the appellant, involving lots 1 to 8, inclusive, block 26, Cascade Park addition to the city of Tacoma, Washington, and to quiet the title to such property in

[1] Reported in 191 Pac. 641.

the respondent. There was a judgment by default, wherein the deed to appellant was cancelled and annulled and the title quieted in respondent. Thereafter the appellant, defendant below, commenced an independent action against the respondent here for the purpose of vacating and setting aside the judgment in this action. After a hearing in the independent action, the court entered an order refusing to vacate and set aside the judgment rendered on default. Thereafter the defendant here made and filed in this case her motion to vacate the judgment because the court had no jurisdiction to make it; her motion was based on the files of the case. The plaintiff answered the motion by setting up the above mentioned independent action to vacate the judgment. After a hearing, the court denied the motion to vacate, and from this order or judgment, the defendant appeals.

The object of the independent action and the motion herein were identical — to secure the vacation of the judgment rendered herein. Our statutes appear to afford two processes for seeking the vacation of a judgment; one by motion in the original action, and the other by an independent equitable suit. The remedies are concurrent and the exercise of the one forecloses the use of the other. In the case of *Boylan v. Bock,* 60 Wash. 423, 111 Pac. 454, we said:

"A person against whom a judgment is taken without jurisdiction may move against the judgment, or may prosecute an independent action to procure its vacation, but the two remedies are concurrent, and an adverse judgment in one proceeding is a bar to an action for similar relief under a different name or in a different form. This question has so often been decided by this court that it is no longer an open one."

So in this case, the defendant, against whom the judgment ran, brought an independent action to vacate

the judgment. The judgment of the lower court was against her. She cannot now attempt to accomplish the same thing by motion in this case. Her sole remedy is an appeal from the adverse ruling in the independent action.

The judgment of the lower court is affirmed.