[No. 1410. Decided October 27, 1894.]

KELLEY & BRODOCK, *Respondents*, v. THOMAS GREENOUGH, *Appellant.*

ORDERS — ACTION ON — EVIDENCE — STATUTE OF FRAUDS.

Under a contract whereby B is authorized to draw orders on G for the pay of all persons performing labor or furnishing materials or provisions, in connection with the work of getting out a certain number of railroad ties for G, a third person, not a party to the contract, who has agreed with G to purchase such drafts or orders on G's promise to accept and pay the same, may maintain an action

on such promise and introduce in evidence the terms of the original contract.

Where defendant has contracted with plaintiffs that if they will pay certain orders drawn on him he will accept and pay the same, the contract is an original undertaking founded upon a good consideration, and is binding without being in writing.

*Appeal from Superior Court, Spokane County.*

*James W. Marshall*, and *Thomas C. Marshall*, for appellant.

*A. G. Avery*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.—The complaint in this case alleges that in August, 1892, defendant entered into a contract with one H. A. Brown, in the state of Idaho, by the terms of which Brown was to get out and deliver to defendant a certain number of railroad ties, at a stated price per tie, defendant agreeing to pay all persons performing labor or furnishing material or provisions in and about the getting out and delivery of said ties. It was further agreed by the said parties to said contract that defendant would accept and pay any and all orders or drafts in writing made by said Brown on defendant for the payment of said labor, material or provisions, and that he would pay the same on or before May 1, 1893, or as soon thereafter as presented to him by the persons named as payees in said orders or drafts, or to their order or assigns. That pursuant to said contract and authority said Brown did, at divers times between said last named date and May 1, 1893, draw orders and drafts on defendant in the manner aforesaid in favor of divers persons performing labor and furnishing material and provisions as aforesaid. That on or about October 1, 1892, in Kootenai county, Idaho, defendant requested plaintiffs to purchase and pay for defendant any drafts or orders made in the manner aforesaid by said Brown, or the

persons in whose favor they were drawn, and that upon presentation of the same to defendant he would honor, accept and pay to plaintiffs on or before May 1, 1893, or as soon thereafter as presented, the amount in said drafts or orders called for. That pursuant to said request, and in consideration of said promise, plaintiffs did, at divers times between March 1, 1893, and May 20, 1893, purchase of divers persons named in the complaint their said orders and drafts. That said orders and drafts were duly presented to defendant for acceptance and payment demanded, at different times between May 1, 1893, and May 20, 1893, and were by defendant duly accepted. That said orders and drafts have been repeatedly presented to defendant, and payment duly demanded, and refused, and that they are now unpaid. The complaint further sets forth that said Brown and the parties from whom said orders were purchased were insolvent and unable to pay the same, and asked for judgment for the amount of the orders purchased as aforesaid.

After numerous motions to strike, which were denied by the court, defendant answered, denying certain allegations of the complaint and denying that he ever agreed in writing to pay the drafts made by Brown upon him. The case proceeded to trial, judgment was rendered in favor of the plaintiffs, and from this judgment defendant appeals.

The first contention of appellant is, that as the plaintiffs were neither parties, nor privies, nor beneficially interested in the contract at the time it was made between defendant and Brown, they cannot make the contract available in their interest, and consequently cannot sue upon the same. This contention, we think, cannot be sustained. The rule is thus laid down by Mr. Pomeroy, in his book on Code Remedies, at § 139:

"It is now the settled doctrine in so many of the states, that it may be called the American doctrine — although

the contrary rule has been established in England and in some states, and notably in Massachusetts, where it has been very recently reaffirmed with emphasis — that, where an express promise was made by A to B, upon a consideration moving from B, whereby the promisor engages to do something for the benefit of C, as, for example, to pay him a sum of money, although C is both a stranger to the consideration and not an immediate party to the contract, yet he may maintain an action upon the promise in his own name against the promisor, without in any manner joining as a party the one to whom the promise was directly made. This rule was originally adopted prior to the reformed procedure, and was based partly upon considerations of convenience, and partly upon a liberal construction of the nature of the contract.   The provision of the codes under review places the matter beyond all doubt; for the person for whose benefit the promise is thus made is certainly the real party in interest.''

The allegations in this complaint, however, go far beyond the rule laid down above, for they go to the extent not only that the defendant authorized Brown to draw the orders, and told him he would accept them and pay them, but told plaintiffs he would accept and pay them if they would purchase them, and in consideration of that promise the orders were purchased.

The next proposition urged by appellant is, that the case falls within the statute of frauds.   It appears that the statute of Idaho, where this contract was made, provides that an acceptance of a bill must be made in writing by the drawee or by an acceptor for honor, and may be made by the acceptor writing his name across the face of the bill or without other words.   We are unable to see, even conceding that the law of Idaho governs the contract in this case, in what manner this contract can be subject to, or controlled by, the statute quoted.   This was not a case where a bill was presented for acceptance, and the drawee accepted it orally, and afterwards refused to pay it, but it

was a distinct and independent contract— a contract made with plaintiffs that if they would purchase these bills or drafts the appellant would pay them the amount of money they had expended in their purchase. The distinction between promising to accept a bill of exchange which has been issued, or which is to be issued, and an authorization to a party to purchase such bills of exchange or drafts upon a promise that they will be paid, is a very wide one.

The case of *Townsley v. Sumrall*, decided by the supreme court of the United States, and reported in 2 Pet. 170, is, we think, exactly in point. There the court said:

"If a person undertake, in consideration that another will purchase a bill already drawn, or to be thereafter drawn, and as inducement to the purchaser to accept it, and the bill is drawn and purchased upon the credit of such promise, for a sufficient consideration, such promise to accept is binding upon the party. It is an original promise to the purchaser, not merely a promise for the debt of another; and having a sufficient consideration to support it, in reason and justice, as well as in law, it ought to bind him. It is of no consequence that the direct consideration moves to a third person, as in this case to the drawer of the bill; for it moves from the purchaser, and is his inducement for taking the bill. He pays his money upon the faith of it, and is entitled to claim a fulfillment of it. . . . If A says to B, pay so much money to C and I will pay it to you, it is an original independent promise; and if the money is paid upon the faith of it, it has been always deemed an obligatory contract, even though it be by parol; because there is an original consideration moving between the immediate parties to the contract. Damage to the promisee constitutes as good a consideration as benefit to the promisor. . . . Then again, as to the consideration, it can make no difference in law whether the debt for which the bill is taken is a preëxisting debt, or money then paid for the bill. In each case there is a substantial credit given by the party to the drawer upon the bill, and the party parts with his present rights at the instance of the promisee, whose promise is substantially a

new and independent one, and not a mere guarantee of the existing promise of the drawer. Under such circumstances, there is no substantial distinction whether the bill be then in existence or to be drawn afterwards. In each case the object of the promise is to induce the party to take the bill upon the credit of the promise; and if he does so take it, it binds the promisor.''

Thus it will be seen that this case decides both of the questions raised by the appellant, viz., the power of the respondents to sue upon the contract, and the avoidance of the contract by the plea of the statute of frauds. The same rule is laid down in 1 Daniel, Negotiable Instruments, § 570. A distinction between an action on a bill as an accepted one, and one founded upon a breach of a promise to accept, is plainly pointed out in *Boyce v. Edwards*, 4 Pet. 111.

We think there are some allegations in the complaint which, if construed as detached allegations, might possibly lead to the conclusion that the action was founded upon the promise alone to Brown, but when the allegations of the complaint are construed together it plainly appears that the real basis of the action was the promise made by the defendant to these plaintiffs. If these allegations are true, it was certainly an independent contract that was made between the appellant and respondents, for which the appellant is responsible. There was some conflict of testimony, but the trial court found in favor of the contention of the respondents, and we think he was justified in so finding by the testimony as sent up in the record.

The other errors alleged by the appellant are, we think, without merit. The judgment will, therefore, be affirmed.

Anders, Stiles, Hoyt and Scott, JJ., concur.