[No. 7681. Decided November 10, 1908.]

A. H. AVERILL MACHINERY COMPANY, *Respondent*, v. J. B. ALLBRITTON *et al.*, *Appellants.*[1]

CHATTEL MORTGAGES—FILING—NOTICE. The filing of a chattel mortgage upon a traction engine with the county auditor and the indexing thereof, as required by Laws 1899, p. 157, § 2, is expressly made sufficient notice to all the world by § 3 of said act, and puts upon notice a subsequent lienor, without recording the same as in the case of real estate mortgages.

JUDGMENT—BAR—DISMISSAL WITHOUT PREJUDICE. The dismissal of an action to foreclose a chattel mortgage "without prejudice," is not *res judicata* and does not bar a subsequent suit to foreclose the mortgage, although the former action was dismissed for want of sufficient evidence.

MECHANICS' LIENS—INTEREST LIENABLE—PRIOR MORTGAGE—PRIORITY. Under Bal. Code, § 5903, providing that a mechanics' lien shall be preferred to any lien or mortgage which attaches subsequently to the time of the commencement of the work, a mechanics' lien for repairs on a traction engine is inferior to the lien of a prior chattel mortgage, duly filed and indexed so as to give constructive notice before the commencement of the repairs.

SAME—FORECLOSURE—PARTIES. A prior chattel mortgagee who was not made a party to the foreclosure of a mechanics' lien on a traction engine is not affected by the judgment of foreclosure sale.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered June 29, 1908, in favor of the plaintiff, upon an agreed statement of facts, in an action to foreclose a chattel mortgage. Affirmed.

*G. E. Hamaker*, for appellants.

*U. E. Harmon*, for respondent.

HADLEY, C. J.—This action was instituted to foreclose a chattel mortgage upon a Buffalo Pitts traction engine. The mortgage and unpaid notes secured by it had been assigned by the original mortgagee to the plaintiff, and the plaintiff

[1]Reported in 97 Pac. 1082.

brought the action against the mortgagor and maker of the notes, and also against the defendant Gustaveson as a person claiming some interest in the mortgaged property. The case was tried upon an agreed statement of facts, the essential facts being as follows: The mortgage was made September 21, 1903, and the engine was then situated in Lewis county, Washington. The mortgage was duly executed as a chattel mortgage with necessary acknowledgment and accompanying affidavit that it was made in good faith without intent to defraud creditors. It was filed in the auditor's office of Lewis county on the same day, and was duly indexed by the auditor as provided by law. At all times since, the mortgage has remained, and is now, on file in the auditor's office.

In the month of August, 1906, the defendant Gustaveson performed labor upon the engine at the request of the owner, and in order to secure payment for the same, he filed and recorded in the auditor's office a notice of lien as provided by law. In the month of November of the same year he proceeded to foreclose the lien, and obtained a judgment of foreclosure in the superior court. Execution sale was made upon said judgment, and the defendant Gustaveson became a purchaser. The sheriff executed to the purchaser a bill of sale for the engine, and the same was recorded in the auditor's office. The mortgage and its assignment were not recorded in the manner provided by law for the record of real estate mortgages, and the defendant Gustaveson had no notice thereof except such notice as the filing and recording as above stated gave him. When Gustaveson foreclosed his lien upon the engine, he did not make the plaintiff a party to the action, and the plaintiff had no notice of the pendency of the foreclosure. On the above facts, the court entered judgment in favor of the plaintiff, foreclosing its mortgage and establishing plaintiff's mortgage lien as prior to the lien of defendant Gustaveson. Gustaveson has appealed.

It is contended that the respondent's mortgage was not recorded so as to make its record notice to appellant. The

full contents of the mortgage were not copied upon the records as in the case of real estate mortgages; but the instrument itself was placed on file and was duly indexed in the auditor's office. The latest statute governing the record of chattel mortgages, so far as we are advised, is to be found in chapter 98 of the Laws of 1899, p. 157. Section 2 of the chapter is as follows:

"Every such instrument within ten days from the time of the execution thereof shall be filed in the office of the county auditor of the county in which the mortgaged property is situated, and such auditor shall file all such instruments when presented for the purpose, upon the payment of the proper fees therefor, indorse thereon the time of reception, the number thereof, and shall enter in a suitable book to be provided by him at the expense of his county, with an alphabetical index thereto, used exclusively for that purpose, ruled into separate columns with appropriate heads: 'The time of filing,' 'Name of mortgagor,' 'Name of Mortgagee,' 'Date of instrument,' 'Amount secured,' 'When due,' and 'Date of release.' An index to said book shall be kept in the manner required for indexing deeds to real estate, and the county auditor shall receive for the services required by this act the sum of fifteen cents for every instrument, and the moneys so collected shall be accounted for as other fees of his office. Such instrument shall remain on file for the inspection of the public."

The instrument in the case at bar was recorded in accordance with the above statute. The next section provides that

"Every mortgage filed and indexed in pursuance of this act shall be held and considered to be full and sufficient notice to all the world, of the existence and conditions thereof. . . ."

Appellant must, therefore, be held to have had notice of the mortgage.

It appears from the record that, in December, 1906, the respondent commenced an action to foreclose this same mortgage, and that such proceedings were thereafter had as resulted in a dismissal of the action. Appellant now contends that the judgment rendered in that action was *res judicata* of the subject-matter of this action. It is argued that the

court considered and adjudicated the case upon its merits. The judgment entered by the court, however, expressly stated that "said action be and the same is hereby dismissed without prejudice to the parties herein." This recital clearly shows that the court did not intend to determine the cause finally and upon its merits. While it is true the judgment entry further recites that testimony was taken, and that the testimony provided by the plaintiff was not sufficient to entitle it to relief asked, still the further entry quoted above is wholly inconsistent with an intention to finally adjudicate the merits. When the words "without prejudice" are used in an order of dismissal, they have a well defined meaning, and are always used for the express purpose of preventing the dismissal from becoming a bar to the bringing of another action.

"To obviate the general presumption of dismissal upon the merits, the dismissal should be stated in express terms to be made 'without prejudice.' Wherever it is not actually upon the merits, the term is used in order to reserve to the parties the privilege of enforcing their rights by subsequent proceedings and to destroy the effect of dismissal as a bar." 6 Ency. Plead. & Prac., pp. 994, 995, 996.

This court held that a judgment of dismissal without prejudice does not have the effect of *res judicata* on the merits of the controversy, even if the court erred in refusing to give judgment on the merits. *Bates v. Drake*, 28 Wash. 447, 68 Pac. 961. Observations made in that case seem particularly apt as being conclusive against the appellant's contention here. The court said:

"The respondents next insist that the appellants cannot, in any event, recover, because the question became *res judicata* in the former action mentioned, which, as we have said, was dismissed without prejudice. It is not contended that the judgment actually entered therein had the effect of *res judicata* on the merits of the controversy, but the respondents were entitled in that action to a judgment on the merits, and that the court erred in refusing to enter it. It is evident, however, that it is the judgment actually entered in an

action which is or is not a bar to another action, not a judgment that might or ought to have been entered therein. It is, perhaps, needless to add that a judgment of a dismissal of an action without prejudice is not a bar to another action between the same parties for the same cause of action."

The remaining question in this case is whether the appellant could secure a lien subsequent to respondent's mortgage and without notice to the holder of the mortgage; or, without making it a party to the action foreclosing the lien, could secure a judgment cutting off respondent's rights in the property. The law in force when the mortgage contract was made became a part of the contract. The law upon the subject of liens of mechanics and materialmen at that time provided as follows: .

"The liens created by this chapter are preferred to any lien, mortgage or other incumbrance which may attach subsequently to the time of the commencement of the performance of the labor, or the furnishing of the materials for which the right of lien is given by this chapter, and are also preferred to any lien, mortgage or other incumbrance which may have attached previously to that time, and .which was not filed or recorded so as to create constructive notice of the same prior to that time, and of which the lien claimant had no notice." Bal. Code, § 5903 (P. C., § 6105).

It is manifest from the above statute that a lien such as appellant's is not preferred to a lien, mortgage or other incumbrance prior in point of time and which was filed or recorded so as to give constructive notice. . Respondent's mortgage, as we have seen, had been filed and indexed so as to give constructive notice long before the creation of appellant's right to a lien. His lien was therefore junior to respondent's mortgage, and respondent, not being a party to the lien foreclosure, was not bound thereby or by the sale made thereunder.

We think the judgment is right, and it is affirmed.

RUDKIN, CROW, DUNBAR, MOUNT, and ROOT, JJ., concur.