[No. 7634.   Decided April 10, 1909.]

MINNIE B. P. NUNN *et al.*, *Appellants*, v. MARY STEWART *et al.*, *Respondents.*[1]

TAXATION—TAX TITLE—ACTION TO SET ASIDE—CONDITIONS PRECEDENT—TENDER OF TAX.  An action to set aside a tax deed and quiet title is properly nonsuited where it is not alleged or proved that the plaintiff tendered to the defendant holders of the tax title all taxes, penalties, interest, and costs, paid by them at the tax sale, the same being made a condition precedent to action by Bal. Code, § 5679.

Appeal from a judgment of the superior court for King county, Morris, J., entered March 27, 1908, granting a nonsuit in an action to set aside tax deeds and quiet title. Affirmed.

*S. S. Langland*, for appellants.

*Byers & Byers*, for respondents.

CROW, J.—This action was commenced by Minnie B. P. Nunn and A. H. Nunn, her husband, against Mary Stewart, A. G. Mather and A. J. Stretch, to set aside, cancel, and annul certain tax deeds held by the defendants, and to quiet title to real estate in the city of Seattle.  From a judgment of nonsuit in favor of the defendants, the plaintiffs have appealed.

The appellants contend that the trial court erred in granting the nonsuit and dismissing the action.  In their complaint they plead title in themselves, through their immediate grantors, L. S. J. Hunt and wife, and allege, that in 1901 the respondents Mary Stewart, and A. G. Mather as plaintiffs foreclosed two delinquent tax certificates on the lots in question, against L. S. J. Hunt and wife as defendants; that the only service of process in the foreclosure proceedings was made by the publication of summons, which was void;

[1]Reported in 100 Pac. 1004.

that the judgments entered thereon were also void; that in pursuance of such void judgments, tax sales were made, and treasurer's deeds were delivered, to Mary Stewart and A. G. Mather, under which they and the respondent A. J. Stretch claim title; that the deeds are a cloud on appellants' title; that in March, 1901, upon a motion made by the appellants and by their grantors, L. S. J. Hunt and wife, in the original tax foreclosure proceedings, the decrees were, after notice to the respondents, set aside, purged of the record, and held to be null and void for want of jurisdiction; that thereafter on April 2, 1907, the appellants paid to the county the delinquent taxes, and redeemed the lots from the certificates of delinquency, and that the respondents are now claiming some interest or title under and by virtue of their tax deeds, which are a cloud on appellants' title. After a demurrer to the complaint had been overruled, the respondents by their answer denied all the allegations of the complaint, except those pleading the tax foreclosure proceedings, which proceedings respondents affirmatively alleged were regular and valid. They further alleged, that the proceedings to set aside the foreclosure decrees were irregular, null and void; that respondents claim title under their tax deeds; that the appellants have not tendered them any sum of money whatever; that respondents have been in possession since 1901; and that no. demand has been made upon them for possession.

By this action the appellants are attempting to set aside tax deeds under which the respondents claim title, and under which, as shown by the evidence, the respondent Stretch holds actual possession of at least a portion of the lots. Appellants did not plead, nor did they upon the trial introduce evidence to show, any tender to the respondents of the taxes, penalties, interest, and costs paid by them. It was necessary for appellants to do so as a condition precedent to the maintenance of this action.

In *Ryno v. Snyder*, 49 Wash. 421, 424, 95 Pac. 644, we said:

"Bal. Code, § 5679 (P. C. § 8734), provides that in an action for the recovery of lands sold for taxes, against the person in possession, the complainant must state that all taxes, penalties, interest and costs, paid by the purchaser at tax sale, his assignees or grantees, have been fully paid or tendered, and payment refused. As above stated, this action has been brought to recover possession of land sold for taxes. It is prosecuted against appellant in possession as grantee of Kennedy, who as purchaser at the tax sale paid all taxes, penalty, interest and costs for which the tax judgment had been entered. Section 5679, *supra*, clearly contemplates that under such circumstances a tender shall be made to such purchaser, or his successor in interest, so that he may have an opportunity either to refuse the tender or to avoid litigation by accepting the same. It does not contemplate that he may be subjected to the costs and annoyance of an action for possession, in which the validity of his tax title will be questioned, without any previous tender having been made to him which he might at his election have accepted. . . . Any sum necessary to be paid under the statute, as a condition precedent to the prosecution of this action for a recovery of the land, should have been tendered to the holder of the title under the tax deed, or some good and sufficient reason should have been alleged and shown for failing to make such tender. For want of any allegation of a tender to the appellant, the complaint failed to state a cause of action, and as its allegations were not afterwards aided or supplemented by proof, the appellant's motion for a nonsuit should have been granted."

We regard the above authority as controlling in this case. The nonsuit was properly granted. The judgment is affirmed.

MOUNT, FULLERTON, GOSE, DUNBAR, PARKER, and CHADWICK, JJ., concur.

MORRIS, J., took no part.