[No. 8999.   Department One.   November 15, 1910.]

Minnie B. P. Nunn *et al.*, *Appellants*, v. A. G. Mather *et al.*, *Respondents.*[1]

Judgment—Res Judicata—Dismissal on the Merits. In an action to quiet title, a formal judgment reciting that after the plaintiffs had rested and their case being fully closed, the case was dismissed "for lack of equity," conclusively shows a decision on the merits; and the same is *res judicata* and a bar to another action between the same parties seeking the same relief.

Judgment—Record—Conclusiveness.   The formal signed judgment showing a dismissal on the merits cannot be controlled or affected by the clerk's informal journal entry indicating a judgment of nonsuit only.

Appeal from a judgment of the superior court for King county, Albertson, J., entered February 1, 1910, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action of ejectment, and to quiet title.   Affirmed.

*Hastings & Stedman*, for appellants.

*Byers & Byers*, for respondents.

Gose, J.—The object of this suit is to have the plaintiffs adjudged to be the owners in fee of certain lots in West Seattle, and to have the possession thereof restored to them. The complaint alleges, *inter alia*, that the plaintiffs are the owners of the premises in fee, and are entitled to the immedi-

[1]Reported in 111 Pac. 566.

ate possession of the same; that for more than two years the
defendants have been wrongfully in possession of the prem-
ises; that they have held the possession under a tax deed ex-
ecuted to them by the treasurer of King county, pursuant
to judgments and sales in two tax foreclosure suits prose-
cuted against their immediate grantors, and that on the mo-
tion of the plaintiffs, the tax judgments have since been va-
cated. The answer admits that the defendants are holding
possession and asserting title to the premises under the tax
deed; affirmatively alleges that the controversy has been
heretofore adjudicated in their favor in an action between
the same parties involving the same subject-matter, com-
menced and determined in the court where this action was
commenced; and asserts that the judgment vacating the tax
judgments is void. The reply admits that the former action
was brought and dismissed, but denies, in effect, that the con-
troversy is *res judicata*. The case was tried to the court.
The defendants, to sustain the plea of *res judicata*, offered
in evidence the pleadings and decree in the former action.
The parties and the subject-matter are the same in both
suits. The complaint in the former suit alleged ownership
in fee in the premises in the plaintiffs, that the tax deed
under which the defendants assert title is void for want of
service of process in the foreclosure proceedings, that the
deed is a cloud on the plaintiffs' title, and that, prior to the
commencement of the action, the tax judgments were va-
cated on the motion of the defendants. The prayer was
that the tax deed be cancelled and annulled, and that the
plaintiffs be adjudged the owners in fee of the premises.
After issue was joined, the court entered the following de-
cree, which the defendants assert is *res judicata* of the pres-
ent controversy:

"This cause came on regularly to be heard pursuant to as-
signment on February 4th, A. D. 1908, the plaintiff appear-
ing in person and by their attorney A. H. Nunn, the de-
fendants appearing in person and by their attorneys Byers

& Byers; evidence on the part of plaintiffs both documentary and oral was introduced, and the plaintiffs having rested and their case being fully closed, the defendants thereupon moved the court that the cause be dismissed for lack of equity, and the court, having heard said motion and being fully advised, granted the same.

"Wherefore, by virtue of the law it is hereby ordered, adjudged, and decreed: That said action be and the same hereby is dismissed, and that the defendants do have and recover of and from the plaintiffs their costs and disbursements herein to be taxed, and that they have execution therefor."

This judgment was affirmed upon appeal. *Nunn v. Stewart*, 52 Wash. 513, 100 Pac. 1004. There was a decree for the defendants. The plaintiffs have appealed.

The appellants contend that the judgment is one of nonsuit, is not *res judicata*, and that the record must be read as an entirety in determining the effect to be given to the judgment. The clerk's entry, dated February 14, 1908, states: "Defendants' motion for nonsuit and dismissal granted." At the close of the plaintiffs' evidence in the former case, the defendants therein moved the court for a "nonsuit," on four distinct grounds: (1) that the plaintiffs had not shown that they had any title; (2) that the defendants were in possession; (3) that a proper tender of taxes was neither alleged nor proven; and (4) that the tax foreclosure proceedings were regular and valid, and that the judgment theretofore entered vacating the tax judgments was void.

In passing on the motion for a new trial, the court said there was no proper tender of taxes. However, after the motion for a new trial had been denied, and on March 27, 1908, the formal and final judgment, which we have set forth at length, was entered. As we have said, the subject-matter and the parties are the same in the two actions. We think the judgment in the former case was upon the merits. The only ground upon which the present action can rest is the invalidity of the tax foreclosure proceedings, and that was the

very question presented in the former case. There is a great diversity of view in the decided cases as to the legal effect of a judgment entered in a case where several causes of action are set forth in the complaint, or several defenses are set forth in the answer, and the judgment is a general one not specifying the ground upon which it was entered. In such cases many courts, including this court, have held that both the record and parol evidence may be resorted to where the plea of *res adjudicata* has been interposed in a later suit for the purpose of determining precisely what was adjudicated in the earlier case. *Marble Savings Bank v. Williams*, 23 Wash. 766, 63 Pac. 511, expounds this view. In that case the court truly observed that:

"The essential thing to determine is, whether or not the question involved in the second suit was actually litigated in the first. The doctrine of *res adjudicata* is based upon this proposition. . . . if it does not conclusively appear from the record that the matter in dispute was adjudicated, evidence will be admissible to ascertain that fact."

In *Smith v. Auld*, 31 Kan. 262, 1 Pac. 626, the court, speaking through Judge Brewer said:

"The whole philosophy of the doctrine of *res adjudicata* is summed up in the simple statement that a matter once decided is finally decided,"

and that if it appears that a judgment upon the merits was in fact rendered, it is conclusive in a subsequent action where the subject-matter and the parties are the same. The judgment furnishes indisputable affirmative evidence that it is a judgment upon the merits. It recites that, the plaintiffs having presented their evidence and closed their case, the defendants "moved the court that the cause be dismissed for lack of equity, and the court having heard said motion and being fully advised, granted the same." *State ex rel. Jensen v. Bell*, 34 Wash. 185, 75 Pac. 641, is exactly in point. In that case there was a variance between the clerk's entry and the later judgment entered by the court. Speaking to the effect of the variance, the court said:

"The question presented is whether the brief minute entry of the clerk shall be held to be of higher character, as evidence of the court's actual order in the premises, than the written order which was later signed by the judge. We think it should not be so held. A *formal written order is signed by* a judge, presumably after deliberation and mature reflection upon the matters involved. Such an entry, we think, should be accorded greater weight, and should be received as more solemn evidence of the court's real intention, than a mere minute entry which may be hastily made, and the true import of which may be overlooked by the judge."

See, also, *Newell v. Young*, 59 Wash. 286, 109 Pac. 801.

As we said in *Flueck v. Pedigo*, 55 Wash. 646, 104 Pac. 1119:

"The moving parties were before the court demanding relief, the court had full and complete jurisdiction of the subject-matter and the parties, and its decision is final until reversed, or set aside in some appropriate proceeding authorized by law."

It is the final judgment entered in a cause which speaks the court's determination. The decree in the case at bar leaves no doubt in the mind as to the precise question determined. It is that there was no equity in the plaintiffs' case. The issue in both cases was the same, viz., which of the parties had title to the premises. The whole battle revolved about that issue. Many courts of the highest learning have expressed the view that the dismissal of a bill in equity, where there is nothing in the judgment indicating the contrary intention, will be presumed to have been upon the merits, and that it will constitute a bar to further litigation of the same subject-matter between the same parties. We are not called upon to carry the doctrine to that extent in this case, as the judgment itself clearly speaks the ground upon which it was entered. As was said by Judge Hadley in the *Jensen* case, the earlier recitals in the record will not be permitted to contradict the final judgment.

The judgment is affirmed.

RUDKIN, C. J., PARKER, MOUNT, and FULLERTON, JJ., concur.