[No. 9390. Department Two. July 29, 1911.]

J. I. MICHEL *et al.*, *Appellants*, v. J. A. WHITE *et al.*, *Respondents.*[1]

JUDGMENT—RES JUDICATA—DISMISSAL AND NONSUIT. A judgment in an equity case, after trial, dismissing the action on defendant's motion for the reason that the plaintiffs failed to prove any of the material facts necessary to a recovery, is a judgment on the merits, and a bar to another action, regardless of whether it was called a dismissal or a nonsuit.

JUDGMENT—ENTRY—CLERK'S MINUTES. The clerk's minute entry of a judgment cannot disturb the judgment.

Appeal from a judgment of the superior court for Whitman county, Miller, J., entered March 5, 1910, granting a nonsuit in an action to vacate a deed for fraud, after a hearing before the court. Affirmed.

*Frederick W. Dewart*, for appellants.

*R. L. McCroskey, J. N. Pickrell, U. L. Ettinger*, and *J. M. McCroskey*, for respondents.

[1]Reported in 116 Pac. 860.

Morris, J.—This action is to set aside a conveyance of real property upon the ground of fraud, and was dismissed in the lower court upon the ground that a former judgment between the same parties, upon the same cause of action, was *res adjudicata*. The former judgment recites the appearance of the respective parties, and proceeds as follows:

"And the cause having proceeded to trial and the plaintiffs having introduced their testimony and having rested, and the defendants and each of them having then moved the court for a judgment dismissing this action on the ground that the plaintiffs failed to prove any material fact essential for their recovery in this action, and the court having heard the argument of counsel on said motion and being fully advised in the premises, finds that the plaintiffs failed to prove any of the material facts necessary for them to prove for recovery under the issues in this case against any of the defendants.

"Wherefore, it is ordered, adjudged and decreed that this case be, and the same is hereby dismissed. And it is further ordered that the defendants recover from the plaintiffs judgment for their costs taxed at $115.50, and that execution issue therefor."

The only question submitted by the appeal is the character of the above judgment, appellants contending it is one of nonsuit, while respondents contend it is upon the merits, and a bar. In our opinion, the judgment is one of final dismissal, and a bar to the prosecution of the same cause of action between the same parties. The cause of action pleaded was an equitable one, and when the court found "that the plaintiffs failed to prove any of the material facts necessary for them to prove for recovery under the issues," it was a finding that there was no equity in the bill, and called for a dismissal of the cause. In all actions of equitable cognizance, two things are considered by the court in its findings and decree: first, is plaintiff entitled to equitable relief; second, if so, an adjudication of what the court considers equity. When the court finds there is no equity in plain-

tiffs' showing, there is nothing further to be done, and the cause is as effectually at an end as any cause ever can be; and its dismissal upon that ground, unless the court in some way restricts its effect, is final and determinative of that subject-matter, and operates as a bar. *Averill Mach. Co. v. Allbritton,* 51 Wash. 30, 97 Pac. 1082; *State ex rel. Schmidt v. Superior Court,* 62 Wash. 556, 114 Pac. 427.

This court has frequently said that a motion for a nonsuit had no place in equity causes, and whenever we have been called upon to review one, we have treated it as a motion to dismiss. *Cattell v. Fergusson,* 3 Wash. 541, 28 Pac. 750; *Scoland v. Scoland,* 4 Wash. 118, 29 Pac. 930; *O'Neile v. Ternes,* 32 Wash. 528, 73 Pac. 692; *Lilly v. Eklund,* 37 Wash. 532, 79 Pac. 1107. We have likewise held that the statutes relating to nonsuit have no application in equity causes, but that the right of the plaintiff to a voluntary dismissal exists, if at all, as at common law. *Somerville v. Johnson,* 3 Wash. 140, 28 Pac. 373; *Waite v. Wingate,* 4 Wash. 324, 30 Pac. 81. It is, therefore, immaterial whether the motion be called one for a nonsuit or one for a dismissal. Its effect, when granted by the court, is the same.

In *Nunn v. Mather,* 60 Wash. 484, 111 Pac. 566, the same question was incidentally before the court, although not necessarily involved in the determination of the case and consequently not decided; but reference was there made to the finality of a dismissal in an equitable cause, where there is no contrary intention expressed in the judgment. Counsel for appellant suggests the motion as expressed in the clerk's minute entry was for a nonsuit. What we have said disposes of the immateriality of the name given to the motion. Its effect was the same irrespective of its name. In any event, the minute entry could not be used to disturb the judgment. *McGuire v. Bryant Lumber & Shingle Co.,* 53 Wash. 425, 102 Pac. 327.

Having reached this conclusion upon the merits, we do not pass upon a motion to dismiss the appeal.

The judgment is affirmed.

Dunbar, C. J., Fullerton, Crow, and Ellis, JJ., concur.