[No. 13246.   Department One.   March 24, 1916.]

## J. E. McGillivrae et al., Appellants, v. The City of Bremerton et al., Respondents.[1]

Municipal Corporations — Improvements — Changing Contract. Where a contractor was unable to complete his contract at the original contract price, it is not a fraud upon the property owners for the city to allow him to finish the work by force account at cost and ten per cent added.

Same—Improvements — Certificate of Engineer — Approval of Account. Where there was no fraud, the certificate of the engineer and the approval of the city council as to work done by force account—cost and ten per cent added, is binding so far as the amount to be paid for the work is concerned.

Same—Improvements—Warrants—Irregularity in Issue.  The issuance of warrants for public work before approval by the city council is but an irregularity, and is merged in the final award when the city made final settlement.

Dismissal and Nonsuit—With Prejudice. In an action by property owner for injunctive relief against alleged fraudulent excesses over the contract price, in which no fraud was shown, a dismissal with prejudice barring any subsequent action is proper.

Appeal from a judgment of the superior court for Kitsap county, Gilliam, J., entered June 26, 1915, upon granting a nonsuit, dismissing an action for equitable relief, tried to the court.   Affirmed.

*Garland & McLane*, for appellants.

*Thomas Stevenson* and *Williamson, Williamson & Freeman*, for respondents.

Chadwick, J.—In the year 1912, the city of Bremerton let a contract to one L. Y. Slayton for the construction of a sewer.   The estimated cost, if laid with vitrified clay pipe, was $42,000; with cement, one-third less.   The contract called for the building of the sewer complete, according to

¹Reported in 156 Pac. 23.

the plans and specifications, for the sum of $21,998.10. Other costs in the way of clerical assistance, advertising, etc., made up the sum of $3,259.81, or $25,257.91 as the price chargeable to the district. The contract also called for extra payment if extra manholes or catch basins were put in, and other extra work at the cost of labor and material with ten per cent added.

The contractor set about to perform his contract. After expending something over $10,000, it became apparent that he would default at the price agreed upon, and he threw up the contract. The contract was declared forfeited. The respondent Scandinavian American Bank had agreed to take all warrants issued to the contractor at par to the full extent of the contract price. A few days after forfeiture, the respondents, the city, the bank and the contractor came together and it was agreed that the contractor should proceed to do the work according to the plans and specifications, and that he should be paid therefor by force account, that is, actual cost of the material and labor and ten per cent added. Whereupon the council passed a resolution "reinstating contractor in District No. 62." The work was paid for as it progressed. The final statement or claim filed by the contractor showed a cost of $40,927.63. The completion of the work and the cost thereof were certified by the city engineer. Upon examination, the city council reduced the amount claimed for the whole work $1,200, and approved the claim. Warrants were issued for the balance due. We understand that the warrants have since been redeemed and bonds issued in lieu thereof.

Two assessment rolls have been made up. After the second roll had been made, and after the time for objection and appeal had expired, appellant and others discovered that the amount paid was greatly in excess of the original contract price, and brought this action to restrain respondent bank from transferring any of its warrants, and the city from paying anything more than the original contract price, with

interest, and that all warrants and bonds in excess thereof be declared void.

Injunctive relief is prayed for on the grounds that the contract was in no way modified by the subsequent proceedings; that the contractor was still bound to perform at the contract price; that all warrants in excess of the contract price are without consideration, fraudulent and void; that no extra work was ordered "in writing" as the contract required; that all warrants issued after the new understanding were issued by the clerk upon the sole O. K of the contractor or his agent; that they were issued without reference to, or allowance by, the city council.

Appellants say that the alleged frauds were not discovered until after the assessment rolls were approved and after the time for filing protests had passed. The court below held that appellants should have appealed from the assessment roll, and that he was unwilling to find fraud upon the record as made.

Granting that a citizen can pursue a remedy in equity after the time for protest and appeal has passed, if he has been the victim of fraudulent practices on the part of the city officials, we think appellants have not sustained their case. Fraud is not to be presumed. It is a fact to be proven. To raise an inference of fraud in this case, compels a holding that the contractor was bound to complete the work at the original contract price. Such is not the case. When it became apparent that he could not do so, it was agreed that the work should be finished and that he would be paid by force account, that is, the cost of the material and labor and ten per cent added. A new compensation was agreed upon in lieu of the unit price at which he had failed. There is no testimony showing, or tending to show, the amount paid was more than the actual cost and ten per cent added.

Appellants have advanced from a wrong premise, and having made proof accordingly, are, in consequence, without proof of anything from which the fraud of the parties

respondent can be inferred.  There being no finding of fraud, it follows that the certificate of the engineer and the approval of the council are binding, and close the question so far as the amount to be paid for the work is concerned. 1 Elliott, Roads & Streets (3d ed.), § 654; *Morehouse v. Clerk of Edmonds,* 70 Wash. 152, 126 Pac. 419; *State ex rel. Murphy v. Coleman,* 71 Wash. 15, 127 Pac. 568; *Hutchinson v. Spokane,* 72 Wash. 56, 129 Pac. 892.

The record hardly bears out the statement that any warrants were issued before the claims were approved by the council.  The clerk says positively that no warrants were so issued, but if so, the council having power to make the settlement that was made, it would follow that any question that might arise as to the right of the city clerk to issue warrants before the claims were approved by the council is no more than a challenge for irregularity which, of necessity, is merged in the final award.

Appellants complain that the case should not have been dismissed with prejudice.  Appellants can have no relief except for fraud of the city council.  Any action against any party directly or indirectly concerned must be predicated upon that charge.  They have made their challenge and failed to show a legal fraud.  The judgment is final and a bar to any subsequent action.  *Michel v. White,* 64 Wash. 341, 116 Pac. 860.

Affirmed.

MORRIS, C. J., MOUNT, and HOLCOMB, JJ., concur.

FULLERTON, J., concurs in the result.