[No. 19584.   Department Two.   April 2, 1926.]

WASHINGTON PERFECTION COMPANY, *Respondent*, v.
S. V. DAVIN, *Appellant*.[1]

[1] CONTRACTS (28)—CONSIDERATION—PROMISE TO PAY DEBT OF AN-
OTHER.   The transfer of stock in a corporation is a sufficient con-
sideration for the president's agreement to assume and pay all
its debts.

[2] CONTRACTS (80)—ACTIONS FOR BREACH—PARTIES—AGREEMENT FOR
BENEFIT OF THIRD PERSONS.   Where one, for a valuable consider-
ation, agrees with a debtor to pay debts owing a third person,
the latter may bring an action thereon in his own name, even
though his identity was not known at the time of the promise.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered February 14,
1925, upon findings in favor of the plaintiff, in an action
on contract, tried to the court.   Affirmed.

*Earl W. Benson* and *Geo. W. Thompson*, for appel-
lant.

*E. L. Casey*, for respondent.

MAIN, J.—The plaintiff brought this action on a
written agreement, signed by the defendant, to recover
a sum of money which was owing it by the Davin-Horn
Company, a corporation, and which it claimed the de-
fendant had agreed to pay.   The cause was tried to
the court without a jury, and resulted in findings of
fact, conclusions of law and a judgment sustaining a
recovery in the sum of $526.56 together with interest,
attorneys' fee and costs.   From this judgment, the de-
fendant appeals.

The Davin-Horn Company was a corporation, organ-
ized and existing under the laws of this state, with its
principal place of business at Walla Walla.   The busi-
ness of the corporation was buying and selling automo-

[1]Reported in 244 Pac. 697.

biles and conducting a repair shop.   Ray H. Horn was
its manager and vice-president and S. V. Davin, the
appellant, its president.   The latter took no active
part in the management but the business was conducted
by Horn.   On or about March 4, 1922, the following
agreement was entered into between Horn and Davin:

"Know all men by these presents, That I, Ray H.
Horn, a stockholder in the Davin-Horn Company a
corporation, said incorporation being indebted to various
persons and individuals, and others, in consideration
of S. V. Davin having this day voluntarily
personally assumed all and every of the indebtedness
of the said Davin-Horn Company a corporation, and
the said S. V. Davin having by these presents agreed
to personally pay each and every of said indebtedness
of said corporation, by his acceptance of this instrument,
and by his acceptance indorsed hereon, do hereby
transfer, sell and assign to the said S. V. Davin all my
interest in and to all and every of the property of said
corporation and to the stock of said corporation now
standing in my name being 79 shares in all and represented
by certificates as follows, Certificate No. 4 for
four shares, Certificate No. 3 for twenty-five shares,
Certificate No. 2 for twenty-five shares and Certificate
No. One for twenty-five shares, each of said shares
being of the par value of fifty dollars.   And I further
herewith tender to said corporation my resignation as
Vice-President and treasurer thereof, for acceptance
at once.   And I hereby turn over to the said S. V.
Davin all and every of the property of said corporation
in my hands, the acceptance of this instrument being
deemed to be the receipt of said property and stock
by the said S. V. Davin.                Ray H. Horn.
"The foregoing is hereby accepted and I agree to
perform each and every of the terms thereof.
                                   S. V. Davin."

[1]   After this agreement was entered into, the appellant
paid certain of the creditors of the Davin-Horn
Company and refused to pay others, among which was

the claim of the respondent. The indebtedness of the Davin-Horn Company to the respondent was evidenced by a promissory note, which had been transferred to it. The appellant first claims that there was no consideration for the agreement and in the signing thereof he was overreached. The trial court found:

"That on the 4th day of March, 1922, the defendant S. V. Davin, for a valuable consideration, signed an agreement in writing wherein he assumed and agreed to personally pay all and every of the indebtedness of said Davin & Horn Company, Inc., a corporation, and that at the time he signed said instrument he knew what he was signing and he received at that time the assignment of some 79 shares of the capital stock of said Davin & Horn Company, Inc., a corporation, from the said Ray H. Horn, and he received the keys to the place of business, the property and safe and that at the said time the said Davin & Horn Company, Inc., a corporation, owed the note described in plaintiff's complaint and heretofore referred to herein."

If this finding is true, and there is abundant evidence to sustain it, then there was ample consideration for the agreement. On the matter of overreaching, or mutual mistake, as it is called by the appellant, the evidence shows that at the time the instrument was signed the appellant knew what he was signing, and there is no evidence upon which to base the claim of mutual mistake.

[2] It is further claimed that it does not clearly appear that the contract was made for the benefit of the respondent and therefore the appellant is not liable thereon. The contract recites that the appellant "agreed to personally pay each and every of said indebtedness of said corporation" and further recites an acceptance by the appellant which he signed. It has been a number of times decided that, where one person, for a valuable consideration, makes a promise to an-

other to pay the debt of that other to a third person, such third person may maintain an action in his own name upon the promise and this is true even though the identity of the third person may not be known at the time of the execution of the contract. *Kelley v. Greenough,* 9 Wash. 659, 38 Pac. 158; *Gilmore v. Skookum Box Factory,* 20 Wash. 703, 56 Pac. 934; *Corkrell v. Poe,* 100 Wash. 625, 171 Pac. 522, 12 A. L. R. 1524; *Finkelberg v. Continental Cas. Co.,* 126 Wash. 543, 219 Pac. 12. The cases of *Horstman Co. v. Waterman,* 103 Wash. 18, 173 Pac. 733, 1 A. L. R. 856, and *Schoemer v. Zeran,* 126 Wash. 219, 217 Pac. 1009, are on facts different from those in the present case and are therefore not controlling.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.