[No. 21827.   Department Two.   July 10, 1929.]

STUBBS ELECTRIC COMPANY, *Appellant*, v. LONGVIEW SCHOOL DISTRICT No. 112 OF COWLITZ COUNTY, *et al., Respondents.*[1]

*William Stuart* and *M. B. Meacham*, for appellant.
*Fisk & McCarthy*, for respondent.

[1]Reported in 279 Pac. 86.

Main, J.—By this action, the plaintiff sought subrogation to the rights of the Fidelity and Casualty Company against the defendant school district, and a money judgment against the district. To the complaint, a demurrer was interposed and sustained. The plaintiff refused to plead further, and elected to stand upon its complaint. Judgment was entered dismissing the action, from which the plaintiff appeals.

The facts, as they appear in the complaint, essential to be stated, are these: June 30, 1926, W. A. Hammond entered into a contract with Longview school district No. 112 of Cowlitz county, by which he agreed to furnish material and perform certain work in connection with the construction of a school building. The contract provided that fifteen per cent of the contract price should be retained by the district for a period of thirty days after the architect's final certificate. The Fidelity and Casualty Company of New York became surety upon the contractor's bond. The Stubbs Electric Company, the appellant, entered into a contract with the surety company by which it indemnified that company against liability on its bond for Hammond, the contractor. The International Time Recording Company sold and delivered to Hammond merchandise, which was used in the construction of the building and for which Hammond did not pay. The school district did not retain the fifteen per cent above mentioned for thirty days after the architect's final certificate. The International Time Recording Company recovered a judgment on its claim against the Fidelity and Casualty Company. This judgment the appellant paid, and it now seeks to be subrogated to any right of action which the surety would have had against the district by reason of its failure to retain the fifteen per cent for the period of time specified in the contract,

and a judgment for the amount wrongfully paid out to Hammond within the thirty-day period.

The fifteen per cent which was to be retained for thirty days was a trust fund for the benefit of creditors and collectible claims, and was also a fund to which the bonding company had a right to look for indemnity. *Denham v. Pioneer Sand & Gravel Co.*, 104 Wash. 357, 176 Pac. 333; *Aetna Casualty & Surety Co. v. Skagit County*, 120 Wash. 351, 207 Pac. 237. The school district, having wrongfully paid out the fifteen per cent within the thirty days, made itself subject to an action by the surety upon the contractor's bond.

The question then arises whether the appellant, the indemnitor of the surety company, has the right of subrogation. In 33 C. J., p. 60, § 740, it is said:

"Reinsurers, on payment of a loss, acquire the same rights by subrogation as are acquired in similar cases where the original insurer pays a loss."

In *Reid v. Pauly*, 121 Fed. 652, it was held that, where the indemnitors of sureties on the bond of a contractor for the erection of a county building were compelled to pay judgments against the contractor, who was subsequently declared a bankrupt, such indemnitors were entitled to an equitable lien on the balance due from the county to the bankrupt, which the trustee subsequently recovered, to the amount of the judgment so paid. It was there said:

"And, as indemnitors of the Washington sureties, the complainants, having paid, under compulsion, the debts for which they were bound, are entitled to subrogation, the same as they would have been had they paid them." (Citing authorities.)

In the case now before us, the appellant, the indemnitor of the surety, having paid the judgment against that company, was entitled to be subrogated to the same right, as against the school district, as the surety

company would have had, had it paid the claim of the International Time Recording Company.

. The school district says in its brief that the appellant entered into an agreement with the contractor Hammond that it would indemnify the bonding company against loss on account of its execution of the bond, and, from this, argues that the primary claim of appellant is against Hammond. The complaint, however, is silent upon what the relations between the appellant and Hammond were, if any. This is not a case where a surety has been fully indemnified by the principal debtor in money or property to the full extent of the amount of the bond, and therefore the authorities relied upon by the school district are not in point. There is nothing in the complaint to show that the surety on the contractor's bond had been fully indemnified by the principal debtor, the contractor, in either money or property. The complaint states a cause of action against the school district, because the appellant, under the facts there alleged, was entitled to be subrogated and recover the amount which the district wrongfully paid out within the thirty-day period.

The judgment will be reversed, and the cause remanded with direction to the superior court to overrule the demurrer.

MILLARD, FULLERTON, PARKER, and FRENCH, JJ., concur.