[No. 22704. Department Two. January 23, 1931.]

LONGVIEW SCHOOL DISTRICT NO. 112 OF COWLITZ COUNTY, *Appellant,* v. STUBBS ELECTRIC COMPANY *et al., Respondents.*[1]

*Fisk & McCarthy,* for appellant.

*M. B. Meacham* and *William Stuart,* for respondents.

BEELER, J.—The parties to this controversy appeared in this court in the case of *Stubbs Elec. Co. v. Longview School Dist. No. 112,* 153 Wash. 33, 270 Pac. 86, and reference should be made to that case, and the opinion there should be read in connection with the opinion here. In that case, the Stubbs Electric Company, as plaintiff, in its complaint, sought to be sub-

[1]Reported in 295 Pac. 186.

rogated to the rights of the Fidelity and Casualty Company as against the Longview School District No. 112 of Cowlitz County. The School District interposed a demurrer to the complaint, which the trial court sustained. The Electric Company appealed, and we held that the principle of subrogation applied, and reversed and remanded the cause with directions to the trial court to overrule the demurrer. This was done. Later, the case came on for trial on the same complaint. No testimony was taken, as the parties, by written stipulation, submitted the facts to the court. The facts are:

On June 30, 1926, one W. A. Hammond entered into a contract with the School District to furnish materials and labor in the construction of a school building, for which he was to receive $3,300. Hammond was required to execute a bond guaranteeing the faithful performance of his contract, and applied to the respondent, The Fidelity and Casualty Company, to execute a bond on his behalf, as surety, which it refused, until and unless it was indemnified against loss or damage; and, thereupon, Hammond agreed with the respondent Stubbs Electric Company to purchase from it all supplies to be used in the construction of the school building, and, in consideration therefor, the Electric Company agreed to, and did, indemnify the surety company against all loss or liability on its bond for Hammond and, immediately thereafter, the bond was executed by Hammond, as principal, and The Fidelity and Casualty Company, as surety.

Hammond completed the work on the school building, December 16, 1926. Under both the contract and the bond, the School District was required to retain fifteen per cent of the contract price, amounting to $495, for a period of thirty days after the completion of the contract and acceptance by the architect. The

School District, however, contrary to the terms of both these instruments, paid Hammond the full contract price before the expiration of the thirty-day period.

On January 10, 1927, and within the thirty-day period, the International Time Recording Company presented and filed an unpaid claim of $967, for materials furnished Hammond in the work, with the surety, and it, in turn, referred the claim to the Stubbs Electric Company, the indemnitor. On April 9, 1927, the surety; in writing, demanded of the School District that it pay the sum of $495 to apply on the claim of the International Time Recording Company, and informed the School District, that if it refused payment and suit was brought by the recording company, all costs and attorneys' fees incurred thereby would be charged against it. The School District, however, refused to pay.

On September 1, 1927, the International Time Recording Company recovered judgment against the surety for $967 and interest, including an attorneys' fee of $120 and costs, $33.20. On the same day, but before judgment was entered, the surety again demanded payment of the School District, which it again refused. Judgment was then entered against the surety, and the Stubbs Electric Company, in accordance with its indemnity agreement, satisfied the judgment, which, including attorneys' fees, costs and interest, amounted to $1,177.58. In addition thereto, it paid attorneys' fees and costs of $153, incurred by the surety in defending the action brought against it by the International Time Recording Company.

On these facts, the trial court held that the Stubbs Electric Company was entitled to be subrogated to the rights of the surety company, as against the School District, and awarded judgment against the School

District for $801.20. From this judgment, the School District has appealed.

There are but two questions presented: First, does the doctrine of subrogation apply? Second, if it does apply, is the appellant liable for the attorneys' fees and costs amounting to $306.20?

The first question was presented to this court in the *Stubbs Elec. Co.*, case, *supra*. In overruling the demurrer, we said:

"*This is not a case where a surety has been fully indemnified by the principal debtor in money or property to the full extent of the amount of the bond,* and therefore the authorities relied on by the school district are not in point. There is nothing in the complaint to show that the *surety on the contractor's bond* had been fully indemnified by the principal debtor, the contractor, in either money or property." (Italics ours.) *Stubbs Electric Co. v. Longview School District No. 112,* 153 Wash. 33, 279 Pac. 86.

The facts in the case now before us, as stipulated by the parties, are more favorable to the respondent, Stubbs Electric Company, than were the facts as alleged in the complaint in the prior case. The admitted facts clearly establish that the surety had neither money nor property in its possession, or under its control, belonging to either the principal debtor, Hammond, or the indemnitor, the Stubbs Electric Company. The surety had in its possession merely the indemnity agreement executed by the Stubbs Electric Company. If the surety had had in its possession, or under its control, money or property belonging to either Hammond or the Stubbs Electric Company, it unquestionably would have applied the same in payment of the claim brought by the Recording Company, without submitting to the annoyance and vexation incident to suit. Both by the contract between the School District and Hammond, and by the bond executed by

the surety company on behalf of Hammond and delivered to the School District, the latter was required to retain fifteen per cent of the contract price, amounting to $495, until thirty days after the completion of the contract and acceptance by the architect. The School District breached the contract, when it paid Hammond the $495 prior to the expiration of the thirty-day period. Hammond could not have received this money at the time he did, except for the wrongful act of the School District. Clearly, the Fidelity and Casualty Company had a right of action against the School District, because the latter breached the bond, as well as the contract. The Stubbs Electric Company, having paid the judgment recovered by the International Time Recording Company against the surety, was entitled to be subrogated to the rights of the surety.

"The right of subrogation, under the better rule, applies in cases where a party who has an interest in the property and who does not stand as a mere volunteer pays a debt owing in whole or in part by another, to protect his own rights or to save his own property. The remedy is no longer limited to sureties and quasi sureties, but is freely applied by courts of equity in all cases where good conscience and equity dictate that a debt paid by one under any sort of legal coercion ought to be paid by another." *Murray v. O'Brien,* 56 Wash. 361, 105 Pac. 840, 28 L. R. A. (N. S.) 998.

What we have said heretofore applies with equal force to the second question, namely, whether the School District should be required to pay attorneys' fees and costs. The Stubbs Electric Company was forced to pay a total of $1,330.58, and, even after deducting the judgment of $801.20, we find the Stubbs Electric Company still bearing a loss of $529.38. All costs and attorneys' fees were incurred as a direct

result of the wrongful act of the School District in paying Hammond within the thirty-day period, and in its refusal to pay the $495 when payment was demanded on April 9, and again on September 1. Neither the surety nor the Stubbs Electric Company were guilty of any act of omission or commission which brought about this loss. The loss was incurred primarily and directly through the wrongful act of the School District, and it must bear the burden to the extent of the judgment recovered in the lower court.

"The doctrine of subrogation has long been an established branch of equity jurisprudence. It does not owe its origin to statute or custom, but it is a creature of courts of equity, having for its basis the doing of complete and perfect justice between the parties without regard to form. It is a doctrine which will be applied or not according to the dictates of equity and good conscience, and consideration of public policy, and will be allowed in all cases where the equities of the case demand it. It rests upon the maxim that no one should be enriched by another's loss and may be invoked wherever justice demands its application, in opposition to the technical rules of law. The right of subrogation depends upon the facts and circumstances of each particular case, to which must be applied the principles of justice." *American Central Insurance Co. v. Weller,* 106 Ore. 494, 212 Pac. 803.

The School District, in law as well as in equity, is answerable to the Stubbs Electric Company for the costs and attorneys' fees incurred.

"Where the natural and proximate consequences of a wrongful act have been to involve plaintiff in litigation with others, there may, as a general rule, be a recovery of damages against the author of such act of the reasonable expenses incurred in such litigation, together with compensation for attorneys' fees, and such costs as may have been awarded against plaintiff; . . ." 17 C. J. 809.

*Curtley v. Security Savings Co.,* 46 Wash. 50, 89 Pac. 180.

Judgment affirmed.

MITCHELL, BEALS, MILLARD, and FULLERTON, JJ., concur.