[No. 26381.   Department One.   April 28, 1937.]

UNITED STATES FIDELITY & GUARANTY COMPANY, *Appellant,* v. WESTERN SEAFOOD COMPANY, *Respondent.*[1]

[1]Reported in 67 P. (2d) 892.

*Allan Trumbull,* for appellant.

*Josiah Thomas,* for respondent.

MAIN, J.—The plaintiff brought this action seeking subrogation to the right of a creditor to maintain an action against a debtor, of which the plaintiff was surety and had paid the debt, and for a judgment against a defendant which had no contract relation either with the creditor or the debtor. The cause came on for trial before the court without a jury, and, at the conclusion of the plaintiff's evidence, the defendant moved for a nonsuit, which motion was sustained, and a judgment was entered dismissing the action with prejudice. Thereafter the plaintiff moved for a vacation of the judgment, which motion was also denied. The plaintiff then appealed from the judgment, and also from the order refusing to vacate.

The facts are these: E. A. Sims and Harriet E. Sims, his wife, were the owners of a fish cannery located at Port Townsend, in Jefferson county. During the year 1931, the cannery was operated under lease by the Washington Fishermen's Co-Operative Packing Company. During that year the packing company gave, as the law required, a bond to secure the salmon catch tax due the fisheries department of the state of Washington, and the appellant, the United States Fidelity & Guaranty Company, was surety upon this obligation to pay the tax. During the year mentioned, the packing company became indebted to the state for and on account of salmon catch taxes in the sum of approximately three thousand dollars. The packing company paid a portion of this indebtedness, leaving a balance due the state of about twenty-six

hundred dollars. June 30, 1933, the owners of the cannery leased the same to Western Seafood Company, a corporation organized under the laws of this state. By this lease, it was provided that:

"Certain accounts owed by the Washington Fishermen's Co-Operative Packing Company and due the state fisheries department . . . are to be paid immediately by the lessee (Western Seafood Company), and are deductible from the rental payable to the lessors, if any, and are not considered a part of the operating expense of this lease."

The Western Seafood Company paid on account of the debt approximately six hundred dollars, leaving a balance due in the sum of two thousand dollars. Subsequently, the appellant, the surety for the Washington Fishermen's Co-Operative Packing Company, paid the two thousand dollars and thereafter brought this action seeking to hold the Western Seafood Company liable.

It will be admitted that the appellant, as surety, having paid the tax for the debtor, would be subrogated to the rights of the state, the creditor, against the debtor. It must be remembered that the record is barren of any showing that the owners of the property owed the state anything, or that the Western Seafood Company had any obligation to pay the tax, other than such as was imposed upon it by the lease.

It is a well-settled and general rule that, where one person, for a valuable consideration, makes a promise to another to pay the debt of that other to a third person, such third person may maintain an action in his own name upon the promise and against the promisor alone. *Hart v. Bogle,* 88 Wash. 125, 152 Pac. 1010; *Schoemer v. Zeran,* 126 Wash. 219, 217 Pac. 1009; *Washington Perfection Co. v. Davin,* 138 Wash. 427, 244 Pac. 697; *First Nat. Bank & Trust Co. v.*

*United States Trust Co.,* 184 Wash. 212, 50 P. (2d) 904.

The effect of the rule stated is that, where a third person has agreed with the debtor to assume and pay the debt, a surety for the original debtor, on being compelled to pay the debt, will be subrogated to the creditor's rights against a third person who has assumed and agreed to pay.

In the case now before us, the seafood company made no agreement with the packing company to pay that company's debt. The agreement which was made was made with the owners of the property, who, as pointed out, owed the state nothing. In fact, both the owners of the property and the seafood company were entire strangers, so far as contractual relations were concerned, with either the creditor, the state, or the debtor, the packing company. Before a surety for a debtor can be subrogated to the rights of the creditor to recover from a third person the debt which he was required to pay as surety and which another had agreed with the debtor to pay, such person must have agreed, either with the debtor or the creditor, by contract upon sufficient consideration, to pay the debt. 60 C. J. 764; *Horstmann Co. v. Waterman,* 103 Wash. 18, 173 Pac. 733, 1 A. L. R. 856.

In the case last cited, a creditor seeking to bring an action upon a guaranty agreement was not a party to the inducing consideration for the agreement, and it was there held that the action could not be maintained. This distinction is pointed out in the case of *Moore v. Baasch,* 109 Wash. 568, 187 Pac. 388.

Under the rules of law stated, the appellant had no right to maintain the action against the respondent.

■ It is said, however, that the court erred in dismissing the action with prejudice, and for this reason the judgment should be reversed. The doctrine of

subrogation has long been an established branch of equity, and therefore this case was one triable in equity, rather than at law. *American Central Ins. Co. v. Weller*, 106 Ore. 494, 212 Pac. 803; *Longview School Dist. No. 112 v. Stubbs Elec. Co.*, 160 Wash. 465, 295 Pac. 186. It being triable in equity, it was immaterial whether the motion made at the conclusion of the appellant's evidence was for a nonsuit or a challenge to the sufficiency thereof.

In *Michel v. White*, 64 Wash. 341, 116 Pac. 860, it was said:

"This court has frequently said that a motion for a nonsuit had no place in equity causes, and whenever we have been called upon to review one, we have treated it as a motion to dismiss. [Citing authorities.]"

The judgment will be affirmed.

STEINERT, C. J., MILLARD, BLAKE, and GERAGHTY, JJ., concur.